IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 7, 2006

## JAVIER SOTO-HURTADO v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Henry County**
**No. 13121     Julian P. Guinn, Judge**

_____

**No. W2005-01779-CCA-R3-PC  - Filed March 27, 2006**

_____

The petitioner, Javier Soto-Hurtado, has filed a pro se appeal of the post-conviction court's refusal to reopen an earlier post-conviction petition which had been dismissed. He claims that he is entitled to relief based upon the ruling in Blakely v. Washington, 542 U.S. 296 (2004). The judgment is affirmed and the appeal dismissed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed; Appeal Dismissed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Javier Soto-Hurtado, Nashville, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; Sophia Lee, Assistant Attorney General; and Robert Radford, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In March of 2000, the petitioner was indicted for aggravated rape. Five months later, he entered into a plea agreement with the state. Pursuant to the agreement, the petitioner pled guilty to one count of sexual battery by an authority figure. See Tenn. Code Ann. § 39-13-527 (1997). The trial court imposed a Range II sentence of twelve years.[1]

On November 9, 2001, the petitioner filed a petition for writ of habeas corpus. The trial court denied relief. This court affirmed. Javier Soto-Hurtado v. State, No. W2000-03173-CCA-R3-CO (Tenn. Crim. App., at Jackson, Nov. 9, 2001). While the case was on appeal, the petitioner filed a petition for post-conviction relief, claiming that he had been denied the effective assistance of counsel and contending that his translator prevented him from adequately communicating with either

---

[1] The briefs refer to the sentences as Range II. The judgment is not in this record. In the prior appeal, our opinion indicated that the sentence was Range III.

his counsel or the trial court. After relief was denied, the petitioner filed a notice of appeal but then dismissed the appeal voluntarily. Some two and one-half years later, the petitioner filed this motion to reopen his post-conviction petition on grounds that his sentence had been enhanced contrary to the ruling of the United States Supreme Court in Blakely. The post-conviction court denied relief on June 22, 2005. The notice of appeal was filed July 19, 2005, some twenty-seven days after the entry of judgment.

In this appeal, under Rule 3 of the Tennessee Rules of Appellate Procedure, the petitioner argues that the post-conviction court erred by ruling that the motion to reopen his petition was procedurally barred. He contends that the sentence imposed by the convicting court is violative of his right to trial by jury. The state argues that any appeal of the denial of a motion to reopen must be filed withing ten days of judgment. The state submits that a Rule 3 appeal, which allows thirty days for the filing of the notice of appeal, is not permitted.

Tennessee Code Annotated section 40-30-117 governs the authority to reopen post-conviction proceedings. When the motion is denied, the terms of the statute require an application seeking permission to appeal to this court within ten days of the filing of judgment. Tenn. Code Ann. § 40-30-117(c) (2003); Graham v. State, 90 S.W.3d 687, 690 (Tenn. 2002). Our supreme court rules provide as follows:

> A petitioner whose motion to reopen is denied shall have ten (10) days to seek permission to appeal by filing an application, accompanied by the order denying the motion, in the Court of Criminal Appeals.

Tenn. Sup. Ct. R. 28 § 10(B). In John Harold Williams, Jr. v. State, No. W1999-01731-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., at Jackson, Mar. 23, 2000), this court ruled that by the terms of the rule, an appeal as of right under Rule 3(b) of the Tennessee Rules of Appellate Procedure was not available after a denial of a motion to reopen a petition for post-conviction relief. That ruling is indistinguishable from the case at hand.

Our supreme court specifically addressed the appellate procedure after a denial of a motion to reopen a post-conviction proceeding in Fletcher v. State, 951 S.W.2d 378 (Tenn. 1997). In that case, our high court acknowledged that a motion to reopen should be denied without a hearing unless the allegations, taken as true, meet one of the following statutory requirements:

> "(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States Supreme Court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced."

Fletcher, 951 S.W.2d at 380-81 (quoting Tenn. Code Ann. § 40-30-217(a) (1996 Supp.)).

In Fletcher, our supreme court ruled that "[u]nder the statute, an appeal from the denial of a motion to reopen is a discretionary appeal, not an appeal of right," concluding that the General Assembly, by the passage of the statute, did not intend to limit review only to our court of criminal appeals. Id. at 382 (emphasis added). It held that Rule 11 of the Tennessee Rules of Appellate Procedure authorized an application for permission to appeal from the rulings of this court under the same scope of review as prescribed in the statute. Ultimately, our supreme court held that the trial court had not abused its discretion because the allegations, even if true, did not establish a valid statutory basis to grant the motion to reopen.

That is also the case here. Even if the appeal had been timely, the petitioner would not be entitled to relief by the terms of the governing statute. Had permission been sought to appeal within the ten day period of time, as required, our scope of review would have been limited:

The court of criminal appeals shall not grant the application unless it appears that the trial court abused its discretion in denying the motion. If it determines that the trial court did so abuse its discretion, the court of criminal appeals shall remand the matter to the trial court for further proceedings.

Tenn. Code Ann. § 40-30-117(c); See Tenn. Sup. Ct. R. 28 § 10(B).

The petitioner has based his request for relief on the ruling in Blakely v. Washington. In State v. Gomez, 163 S.W.3d 632, 650 (Tenn. 2005), our supreme court ruled that Blakely had no effect on the Tennessee Criminal Sentencing Reform Act of 1989. It held first that Blakely did not announce a new rule and secondly, that even if Blakely had announced a new rule, relief could be granted only in "pipeline" cases, i.e., those in which the issue had been presented for review. 163 S.W.3d at 350. In this instance, the petitioner entered into a plea agreement and did not reserve any

issues for appellate review.  In consequence, none of the grounds provided by Tennessee Code Annotated section 40-30-117(c) afford any opportunity for relief.  The trial court did not abuse its discretion.

Accordingly, the judgment is affirmed and the appeal is dismissed.

 

_____
GARY R. WADE, PRESIDING JUDGE