IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 2, 2006

## MIKO T. BURL v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County
No. P-27215     Paula Skahan, Judge**

_____

**No. W2005-01640-CCA-R3-PC  - Filed November 17, 2006**

_____

Proceeding pro se, the petitioner, Miko T. Burl, appeals the Shelby County Criminal Court's denial of his motion to reopen his post-conviction proceeding. On appeal, the petitioner contends the court erred by dismissing his petition without holding an evidentiary hearing and claims he is entitled to relief based upon the ruling in *Blakely v. Washington,* 542 U.S. 296 (2004). Following our review, we dismiss the appeal.

**Tenn. R. App. P. 3; Appeal Dismissed**

J.C. McLin, J., delivered the opinion of the court, in which Thomas T. Woodall and John Everett Williams, JJ., joined.

Miko T. Burl, Pro Se, W.C.F.A., Whiteville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Sophia Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and Emily Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On February 7, 2000, the petitioner was convicted by jury of aggravated assault, aggravated burglary, and especially aggravated robbery. The trial court sentenced the petitioner to four years for the aggravated assault conviction, four years for the aggravated burglary conviction, and twenty-five years for the especially aggravated robbery conviction, and ordered these sentences to run concurrently. On direct appeal, this court vacated the petitioner's conviction for aggravated assault but otherwise affirmed the petitioner's convictions and sentences. *See State v. Miko T. Burl*, No. W2000-02074-CCA-R3-CD, 2002 WL 1483207 (Tenn. Crim. App., at Jackson, Jan. 28, 2002), *perm. app. denied* (Tenn. June 24, 2002). On or about March 18, 2003, the petitioner filed for post-conviction relief. Following an evidentiary hearing, the post-conviction court denied relief and this court affirmed its judgment on appeal. *See Miko T. Burl v. State*, No. W2004-00327-CCA-R3-PC, 2004 WL 2996876 (Tenn. Crim. App., at Jackson, Dec. 23, 2004), *perm. app. denied* (Tenn. May

2, 2005). On June 13, 2005, the petitioner filed a motion to reopen his post-conviction proceedings, claiming that *Blakely v. Washington* established a previously unrecognized constitutional right to have the jury, rather than the trial court determine the existence of facts necessary to enhance his sentence. On June 28, 2005, the post-conviction court entered an order summarily dismissing the petitioner's motion to reopen his post-conviction proceedings finding that the petitioner had not "demonstrated that a valid exception to the one-year statute of limitations exist in this case."

In this appeal, the petitioner argues that the post-conviction court erred by ruling that the motion to reopen his post-conviction petition and proceedings was procedurally barred. He contends that his motion to reopen presented a colorable claim for relief under the Post-Conviction Procedure Act, thereby entitling him to the appointment of counsel and an evidentiary hearing.

Tennessee Code Annotated section 40-30-117 sets forth the procedural and statutory requirements for filing and appealing motions to reopen post-conviction proceedings. Of significance, when a motion to reopen post-conviction proceedings is denied, the statute requires the individual seeking appeal to file an application for permission to appeal with the court of criminal appeals within ten days of the filing of judgment. *See* Tenn. Code Ann. § 40-30-117(c); Tenn. Sup.Ct. R. 28 § 10(b); *Graham v. State*, 90 S.W.3d 687, 690 (Tenn. 2002). The appeal from a denial of a motion to reopen is a *discretionary appeal*, not an appeal as of right. *See Fletcher v. State*, 951 S.W.2d 378, 382 (Tenn. 1997).

Upon review of the available record, we first note that the petitioner did not comply with the procedural requirements of Tennessee Code Annotated section 40-30-117. Here, the appeal was not filed within ten days of the lower court's denial of the motion to reopen, no application for permission to appeal was filed, the notice of appeal was filed in the lower court and not this court, and the notice of appeal does not contain sufficient substance allowing it to be treated as an application for permission to appeal. *See Graham*, 90 S.W.3d at 691. Accordingly, appeal is unavailable in this case. *See Corvack Shaw v. State*, *No.* W2005-01332-CCA-R3-PC, 2006 WL 561338, *2 (Tenn. Crim. App., at Jackson, Mar. 7, 2006), *perm app. denied* (Tenn. Aug. 28, 2006) ("Neither the Post-Conviction Procedure Act nor the Rules of the Supreme Court permit this Court to suspend the statutory requirements for vesting jurisdiction."); *Mario Gates v. State*, No. W2002-02873-CCA-R3-PC, 2003 WL 23100815, at *2 (Tenn. Crim. App., at Jackson, Dec. 31, 2003).

Notwithstanding the petitioner's failure to comply with the procedural requirements for appeal, he is not entitled to relief by the terms of the governing statute. Our supreme court has held that a motion to reopen is to be denied by the lower court without a hearing unless, the allegations, taken as true demonstrate that: (1) a final ruling of an appellate court establishes a constitutional right not recognized as existing at the time of trial and retrospective application of the right is required; or (2) new scientific evidence exists establishing that the petitioner is actually innocent of the convicted offenses; or (3) the petitioner's sentence was enhanced based upon a prior conviction which has subsequently been found invalid; and (4) it appear from the facts underlying the allegations, if true, would establish by clear and convincing evidence that the petitioner is entitled

to have the conviction set aside or the sentence reduced. *Fletcher*, 951 S.W.2d at 380-81; *see also* Tenn. Code Ann. § 40-30-117(a)(1-4). Here the petitioner bases his request for relief on the ruling in *Blakely*, arguing that *Blakely* established a constitutional right that was not recognized as existing at the time of trial. However, our supreme court has concluded that *Blakely* neither announced a new rule of constitutional law nor invalidated Tennessee's sentencing scheme, by which a trial court is permitted, rather than required, to enhance a sentence within the statutory range based on it finding of relevant enhancement factors. *State v. Gomez*, 163 S.W.3d 632, 650 (Tenn. 2005). Moreover, our supreme court held that *Blakely* issues are not subject to retroactive application for cases on collateral review. *Id.* at 651 n. 16. As such, the petitioner failed to allege a ground under which a petition for post-conviction may be reopened, and the criminal court appropriately denied his motion.

Accordingly, the appeal is dismissed.

_____

J.C. McLIN, JUDGE