IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2008

## ERIC CARTER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-24824    James Lammey, Judge**

_____

**No. W2008-00957-CCA-R3-PC  - Filed November 19, 2008**
_____

The Petitioner, Eric Carter, appeals the Shelby County Criminal Court's denial of his motion to reopen his post-conviction proceeding. On appeal, the Petitioner contends that the court erred by denying his motion without holding an evidentiary hearing and claims he is entitled to relief based upon the ruling in State v. Gomez, 239 S.W.3d 733 (Tenn. 2007). Because the Petitioner failed to comply with the statutory requirements for appealing the denial of a motion to reopen, this Court is without jurisdiction to review the issue. Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Eric Carter, Pro Se.

Robert E. Cooper, Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Lora Fowler, Assistant District Attorney General, for the appellant, State of Tennessee.

**OPINION**

**Factual Background**

In 1998, a Shelby County jury convicted the Petitioner of second degree murder, and the trial court sentenced the Petitioner to twenty-four years. On direct appeal, this Court affirmed the judgment of conviction. See State v. Carter, 15 S.W.3d 509 (Tenn. Crim. App. 1999), perm. to appeal denied, (Tenn. 2000).

The Petitioner filed a petition for post-conviction relief on March 20, 2001. The post-conviction court dismissed the petition as time-barred, and this Court affirmed summary dismissal on appeal. See Eric Carter v. State, No. W2001-01149-CCA-R3-PC, 2001 WL 1913129 (Tenn. Crim. App., Jackson, Nov. 16, 2001). Thereafter, the Petitioner twice unsuccessfully sought habeas

corpus relief. <u>See</u> <u>Eric Carter v. Glen Turner, Warden</u>, No. W2006-01114-CCA-R3-HC, 2007 WL 494969 (Tenn. Crim. App., Feb. 16, 2007), <u>perm. to appeal denied</u>, (Tenn. June 25, 2007); <u>Eric Carter v. Glen Turner, Warden</u>, No. W2005-00650-CCA-R3-HC, 2005 WL 2453946 (Tenn. Crim. App., Jackson, Oct. 4, 2005), <u>perm. to appeal denied</u>, (Tenn. Jan. 30, 2006).

The Petitioner then, on January 28, 2008, filed a motion to reopen his post-conviction petition, the subject of this appeal. The Petitioner argued that <u>State v. Gomez</u>, 239 S.W.3d 733 (Tenn. 2007), applying <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), to Tennessee's sentencing scheme, established a previously unrecognized constitutional right to have a jury, rather than the trial judge, determine the existence of facts necessary to enhance his sentence. The post-conviction court summarily denied his motion on April 15, 2008. The Petitioner subsequently filed a notice of appeal in an attempt to appeal the denial of the motion to reopen.

**Analysis**

To properly perfect an appeal from the denial of a motion to reopen a post-conviction proceeding, a petitioner must strictly adhere to the procedural dictates of Tennessee Code Annotated section 40-30-117(c). <u>See also</u> Tenn. Sup. Ct. R. 28, § 10(b). Following denial of such motion, the petitioner, within ten days, shall file an application with the *Court of Criminal Appeals* seeking permission to appeal. Additionally, *the application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.* Tenn. Code Ann. § 40-30-117(c) (emphasis added); <u>see also</u> Tenn. Sup. Ct. R. 28 § 10(b). Thus, the statute outlines four criteria to be considered for an appeal from the denial of a motion to reopen: (1) the timeliness of the filing; (2) the place of filing; (3) the application to be filed; and (4) the attachments to the application. <u>Graham v. State</u>, 90 S.W.3d 687, 689 (Tenn. 2002).

The Petitioner's attempt to appeal from the denial of his petition is deficient. The Petitioner filed a "notice of appeal," governed by Tennessee Rule of Appellate Procedure 3(b). That rule does not provide for an appeal as of right in this situation, as the Petitioner is not appealing from "an order denying or revoking probation" or from a "final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Tenn. R. App. P. 3(b). The Petitioner should have filed an application for permission to appeal, as required by Tennessee Code Annotated section 40-30-117(c). <u>See</u> <u>Fletcher v. State</u>, 951 S.W.2d 378, 382 (Tenn. 1997) (stating that "an appeal from the denial of a motion to reopen is a discretionary appeal, not an appeal as of right"). Moreover, the notice, if treated as an application to appeal, was clearly filed in the wrong court, i.e., the Shelby County Criminal Court rather than the Court of Criminal Appeals. However, the Tennessee Supreme Court has held that the label "notice of appeal" is not dispositive as to whether this court may treat the filing as an application for permission to appeal if the required information is included. <u>Graham</u>, 90 S.W.3d at 691. The contents of the application should include "the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appeal court should grant review." <u>Id.</u> Here, the Petitioner's notice of appeal only contains the date of judgment and, therefore, cannot be treated as an application for permission to appeal.

The failure of a petitioner to comply with statutory requirements governing review of a denial of a motion to reopen deprives this Court of jurisdiction to entertain such matter. <u>See</u> <u>Timothy Roberson v. State</u>, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App.,

Jackson, Nov. 7, 2007), <u>perm. to appeal denied</u>, (Tenn. Apr. 14, 2008). Finally, neither the Post-Conviction Procedure Act nor the Rules of the Supreme Court permit this Court to waive or suspend the statutory requirements. <u>Id.</u> This Court is without jurisdiction to entertain this matter.

Nonetheless, we observe that, even had an application been properly filed, the application would fail on its merits. A motion to reopen a prior post-conviction petition may only be filed if a petitioner alleges one of the following: (1) a final ruling of an appellate court establishes a constitutional right that was not recognized as existing at the time of trial and retrospective application of the right is required; (2) new scientific evidence exists establishing that the petitioner is actually innocent of the convicted offense(s); or (3) the petitioner's sentence was enhanced based upon a prior conviction which has subsequently been found invalid. Tenn. Code Ann. § 40-30-117(a).

The Petitioner does not allege grounds that would allow him to reopen his previous petition for post-conviction relief. The Petitioner bases his request[1] for relief on the 2007 <u>Gomez</u> ruling, arguing that <u>Blakely</u> established a constitutional right that was not recognized as existing at the time of trial. This Court has repeatedly held that <u>Blakely</u> and its progeny did not create a new rule of law which was entitled to retroactive application to cases on collateral review. <u>See e.g.</u>, <u>Glen Cook v. State</u>, No. W2006-01514-CCA-R3-PC, 2008 WL 821532, at *10 (Tenn. Crim. App., Jackson, Mar. 27, 2008); <u>Billy Merle Meeks v. Ricky J. Bell, Warden</u>, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486, at *7-8 (Tenn. Crim. App., Nashville, Apr. 7, 2008). The Petitioner's motion to reopen fails.

**Conclusion**

For the reasons stated above, the appeal is dismissed.

_____
DAVID H. WELLES, JUDGE

---

[1] The Petitioner has filed a fifty-one-page brief on appeal. The brief is confusing and rambling. In his brief, he attempts to raise a number of new issues and, because these claims are raised for the first time on appeal, they are not properly before this Court for our review. Moreover, most of these claims deal with the alleged ineffective assistance of trial counsel, which is not a ground under which a petition for post-conviction relief may be reopened. <u>See</u> Tenn. Code Ann. § 40-30-117.