# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 10, 2012

## SALVATORE PISANO, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardin County**
**No. PC9269     C. Creed McGinley, Judge**

---

**No. W2011-02535-CCA-R3-PC  - Filed November 13, 2012**

---

The petitioner, Salvatore Pisano, Jr., was convicted of four counts of aggravated sexual battery and sentenced to serve eight years in prison for each count, all counts to be served concurrently. The petitioner filed a timely post-conviction petition, which was dismissed by the post-conviction court without a hearing or the appointment of counsel. The petitioner then filed a motion to reopen his post-conviction petition; the motion was denied. The petitioner filed a notice of appeal. Because the petitioner has not complied with the statutory requirements surrounding appeal of an application to reopen a petition for post-conviction relief, we are without jurisdiction to hear the appeal, and the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Salvatore Pisano, Jr., Savannah, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Hansel McCadams, District Attorney General; and Ed N. McDaniel, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In July 2010, the petitioner was indicted for eight counts of rape of a child after his son's twelve-year-old girlfriend told her friends that the petitioner had raped her on numerous occasions when she was spending the night at his home. The petitioner pled guilty on June 9, 2011 to four counts of aggravated sexual battery, a Class B felony, and the State dismissed the remaining four counts. A judgment was entered on June 20, 2011 ordering the petitioner to serve an effective eight-year sentence.

Less than three months later, on August 22, 2011, the petitioner filed a petition for post-conviction relief. The petitioner placed checkmarks on the form petition indicating that he based his petition on the assertion that his pleas were not knowing and voluntary, that he was provided with the ineffective assistance of counsel, and "other grounds." The petition was entirely devoid of the factual bases for these allegations, and the post-conviction court promptly dismissed it on August 25, 2011 for failure to assert a colorable claim owing to the fact that the petition contained bare allegations and no specific statement of the grounds for relief.

The petitioner then filed a document entitled "Colorable Claim" on September 6, 2011. This document essentially alleged that the petitioner's trial counsel had 1) failed to adequately explain the plea agreement; 2) failed to consult with the petitioner regarding the case; and 3) failed to investigate the case by neglecting to investigate the State's claims and witnesses and by neglecting to use the petitioner's evidence, witnesses, and alibis.

The petitioner next filed a motion to reopen his post-conviction petition on September 20, 2011. As grounds to reopen the post-conviction petition, the petitioner asserted that he forgot to include the "Colorable Claim" filing. As an attachment, the petitioner included a document entitled "Colorable Claim," which asserted the same grounds as the previous "Colorable Claim" document but listed additional details that trial counsel allegedly failed to investigate, including phone records, eyewitnesses, an "alleged victim confession," and an "alleged victim email." The post-conviction court denied this motion on September 28, 2011. Because the order cited to a non-existent statutory provision instead of Tennessee Code Annotated section 40-30-117 governing motions to reopen, a corrected order was filed on October 19, 2011.

On November 1, 2011, the petitioner again filed a motion to reopen his post-conviction petition accompanied by a document entitled "Colorable Claim." The third "Colorable Claim" document contained essentially the same allegations as the first two, with additional details regarding the petitioner's evidence and with the addition of a claim that the post-conviction court erred in dismissing his petition and his prior motion to reopen without the appointment of counsel and that the post-conviction court erred in citing to the incorrect statute. On November 15, 2011, the post-conviction court denied the motion and threatened sanctions for further filings, which it described as "frivolous." On November 23, 2011, the petitioner filed a Notice of Appeal with the post-conviction court. The document consists in its entirety of a statement that the petitioner appeals the post-conviction court's November 15, 2011 judgment to the Court of Criminal Appeals. No documents were attached to the notice, which was received by the clerk of the Court of Criminal Appeals on November 29, 2011. In his brief, the petitioner essentially argues that he was denied the effective assistance of counsel and that the post-conviction court erred by dismissing his petition and his motions

to reopen without the appointment of counsel. The State counters that this court is without jurisdiction to address the appeal due to the petitioner's failure to follow statutory requirements.

**Analysis**

Because certain grounds of post-conviction relief may arise after the disposition of an initial petition, the legislature has provided for a means to reopen a post-conviction petition under certain limited circumstances. *Fletcher v. State*, 951 S.W.2d 378, 380 (Tenn. 1997). Tennessee Code Annotated section 40-30-117 (Supp. 2011) governs motions to reopen and any subsequent appeals. The statute provides:

> If the motion is denied, the petitioner shall have thirty (30) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.

T.C.A. § 40-30-117(c). The Tennessee Supreme Court has interpreted this statute as having four requirements "(1) the timeliness of filing,[1] (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application." *Graham v. State*, 90 S.W.3d 687, 689 (Tenn. 2002).

The petitioner filed his pleading within the statutory time period. Although the petitioner filed the document with the post-conviction court, the record includes a file-stamped copy demonstrating that it was received by this court within the 30 day period allotted by statute. *See Graham*, 90 S.W.3d at 691 ("Although the heading on the notice of appeal incorrectly listed the trial court, the document was stamped as filed in the Court of Criminal Appeals on December 27, 2000.").

"Under the statute, an appeal from the denial of a motion to reopen is a *discretionary* appeal, not an appeal as of right." *Fletcher*, 951 S.W.2d at 382. Therefore, the petitioner must file an application for permission to appeal rather than a notice of appeal. However, the label on a pleading is not dispositive, and a notice of appeal may satisfy the statutory requirement where it contains "sufficient substance that it may be effectively treated as an application for permission to appeal." *Graham*, 90 S.W.3d at 691. The Tennessee Supreme Court has determined that "the contents of an application for appeal must include the date

---

[1]Under the prior version of this statute, the application for permission to appeal had to be filed within ten days of the motion being denied. *See* T.C.A. § 40-30-117(c) (2010).

and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." *Graham*, 90 S.W.3d at 691 (citing Tenn. R. App. P. 9(d), 10(c), 11(b)). The brief notice of appeal which the petitioner filed contains only the date of the judgment and identifies it as "the final judgment entered" but contains no account of the issue or reasons for granting review. We conclude that the petitioner's pleading cannot be construed as an application for permission to appeal and has failed to satisfy the statutory requirement.

Failure to fulfill the statutory requirements of Tennessee Code Annotated section 40-30-117(c) deprives this court of jurisdiction to decide the issues raised. *Carter v. State*, No. W2008-00957-CCA-R3-PC, 2008 WL 4936719, at *2 (Tenn. Crim. App. Nov. 19, 2008); *Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007), *perm. app. denied*, (Tenn., Apr. 14, 2008); *Williams v. State*, No. W1999-01731-CCA-R3-PC, 2000 WL 303432, at *1 (Tenn. Crim. App. Mar. 23, 2000), *perm. app. denied*, (Tenn., Oct. 16, 2000). This court cannot waive or suspend the statutory requirement. *Id.* Accordingly, our jurisdiction does not extend to this matter and we must dismiss the appeal.

We note, however, that the petitioner would in any event have been unsuccessful on appeal, as his motion to reopen his post-conviction petition does not raise any of the grounds which the legislature has determined should provide a basis for granting a motion to reopen a post-conviction petition. *See* T.C.A. § 40-30-117(a) (stating that a motion to reopen should be granted in some circumstances when based on a final ruling of an appellate court establishing a constitutional right; when based on new scientific evidence establishing actual innocence; when a prior conviction which enhanced the sentence is invalidated; and when the right to relief appears to be established by clear and convincing evidence). Instead, it appears that the petitioner filed his motions to reopen in order to urge the post-conviction court to reconsider the denial of his initial petition. Given the posture of this case, we do not address the dismissal of the initial petition.

## CONCLUSION

Because the petitioner failed to comply with the statutory requirements governing the appeal of a motion to reopen a petition for post-conviction relief, this court is without jurisdiction to entertain the appeal, and the appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE