IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
(HEARD AT KNOXVILLE)

FILED

August 25, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

**FOR PUBLICATION**

| | | |
|---|---|---|
| LAMAR FLETCHER, | ) | **Filed: August 25, 1997** |
| | ) | |
| Appellant, | ) | Hon.  L.T. Lafferty |
| | ) | Judge |
| Vs. | ) | |
| | ) | SHELBY COUNTY |
| STATE OF TENNESSEE, | ) | |
| | ) | Supreme Court |
| Appellee. | ) | No. 02-S01-9606-CR-00056 |
| | ) | |

FOR LAMAR FLETCHER/APPELLANT
J. Russell Heldman
320 Main Street
Franklin, Tennessee

FOR STATE/APPELLEE:
John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Kathy Morante
Deputy Attorney General
450 James Robertson Pkwy.
Nashville, Tennessee

# O P I N I O N

COURT OF CRIMINAL APPEALS
AFFIRMED.                                    DROWOTA, J.

The appellant, Lamar Fletcher, filed a motion to reopen his first petition for post-conviction relief. The trial court denied the motion to reopen and the Court of Criminal Appeals affirmed the denial, finding that the trial court did not abuse its discretion. Fletcher, pro se,[1] filed an application for permission to appeal in this Court challenging the decision of the intermediate court. The State responded, asserting that Fletcher has no right under the Post-Conviction Procedure Act to seek review in this Court of the trial court and Court of Criminal Appeals' denial of his motion to reopen. We granted Fletcher permission to appeal to determine whether this Court has jurisdiction to review the denial of a motion to reopen.

For the reasons that follow, we conclude that this Court has jurisdiction to consider an appeal from the denial of a motion to reopen and will reverse the denial and remand the case for further proceedings if it appears that the trial court abused its discretion by denying the motion. As to the merits of this case, we conclude that the trial court did not abuse its discretion by denying Fletcher's motion to reopen. Accordingly, the judgment of the Court of Criminal Appeals upholding the trial court's decision is affirmed.

## BACKGROUND

On December 15, 1975, the appellant pled guilty to five counts of grand larceny, one count of murder, and one count of assault with intent to commit murder. On July 24, 1985, Fletcher was found guilty by a jury of two counts of robbery with a deadly weapon and, in addition, the jury found Fletcher to be an

---

[1]On August 12, 1996, this Court appointed J. Russell Heldman to represent Mr. Fletcher in this appeal. The Court appreciates Mr. Heldman's willingness to accept this appointment and the excellent representation he has provided Mr. Fletcher.

habitual criminal. The Court of Criminal Appeals affirmed the convictions, but remanded for a new sentencing hearing due to improper jury instructions. Fletcher was retried and again found to be an habitual criminal on April 6, 1987, and the trial court imposed two life sentences. The Court of Criminal Appeals affirmed on May 11, 1988, and this Court denied Fletcher's application for permission to appeal on August 29, 1988.

Fletcher filed his first petition for post-conviction relief on September 27, 1989. In the petition, Fletcher alleged that the 1975 guilty pleas utilized by the State to elevate him to the status of an habitual criminal were involuntary and violated the federal constitution. After a three day hearing, the trial judge dismissed the petition on March 11, 1994, finding Fletcher's challenge to the 1975 guilty pleas barred by the statute of limitations. The Court of Criminal Appeals affirmed on July 19, 1995, and this Court denied Fletcher's application for permission to appeal on November 7, 1995.

On January 11, 1996, Fletcher filed this action seeking to reopen his first petition for post-conviction relief. Relying upon Sands v. State, 903 S.W.2d 297 (Tenn. 1995), Fletcher claimed that his due process rights would be violated by applying the statute of limitations as a bar to his claim that the 1975 guilty pleas were involuntary. The trial court denied Fletcher's motion to reopen finding that the ground for relief had been previously determined. The trial court also observed that Sands did not announce a new rule which would provide Fletcher an avenue of relief. Fletcher, pursuant to Tenn. Code Ann. § 40-30-217(c) (1996 Supp.), filed an application seeking permission to appeal in the Court of Criminal

Appeals. Finding that the trial court did not abuse its discretion in denying Fletcher's motion, the Court of Criminal Appeals affirmed the denial. Thereafter, we granted permission to appeal to determine whether this Court has jurisdiction to consider an appeal from the denial of a motion to reopen. For the reasons that follow, we affirm the Court of Criminal Appeals' decision.

## JURISDICTION

In resolving this question, we begin with a summary of the Post-Conviction Procedure Act which was revised by the General Assembly in 1995. Included among the comprehensive revisions was the provision that only one petition for post-conviction relief is to be filed. Tenn. Code Ann. § 40-30-202 (c) (1996 Supp.). Recognizing, however, that some claims for relief may arise only after disposition of the first petition for post-conviction relief, the General Assembly also adopted a procedure which allows a prisoner to seek relief in certain limited circumstances by filing a motion to reopen the initial petition. Tenn. Code Ann. § 40-30-217 (1996 Supp.). The motion must set forth the factual basis for the claim, and it must be accompanied by an affidavit which contains factual information that would be admissible through the testimony of the affiant if offered at an evidentiary hearing. Tenn. Code Ann. § 40-30-217 (b) (1996 Supp.). The motion is to be denied by the trial court without a hearing unless the factual allegations, taken as true, meet one of the following statutory requirements:

> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States Supreme Court establishing a constitutional right that was not recognized as existing at the time of trial; or

-4-

(2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

Tenn. Code Ann. § 40-30-217 (a) (1996 Supp.). If a motion to reopen is denied,

the petitioner shall have ten (10) days to file an application in the Court of Criminal Appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion. The state shall have ten (10) days to respond. The court of criminal appeals shall not grant the application unless it appears that the trial court abused its discretion in denying the motion. If it determines that the trial court did so abuse its discretion, the Court of Criminal Appeals shall remand the matter to the trial court for further proceedings.

Tenn. Code Ann. § 40-30-217(c) (1996 Supp.).

In this appeal, the State contends that subsection (c), quoted above, delineates the specific and exclusive procedure for seeking review of a trial court's decision denying a motion to reopen. Since the statute does not mention this Court, the State contends that the General Assembly intentionally, by a lack of expression, divested this Court of jurisdiction to consider an appeal from the denial of a motion to reopen. The State argues that the 1995 revisions of the Post-Conviction Procedure statute were designed to expedite post-conviction

proceedings and to bring finality to criminal convictions. To support its argument, the State points to the shortened time period, ten days, within which a petitioner has to seek an appeal to the intermediate appellate court, the discretionary nature of the appeal, and the deferential standard of review which must be applied by the Court of Criminal Appeals. To conclude that the denial of a motion to reopen is reviewable by this Court would, according to the State, frustrate the goal of speed and finality.

In response, Fletcher contends that the denial of a motion to reopen is reviewable by this Court under the strictures of Rule 11, Tenn. R. App. P. Assuming that the statute is intended to divest this Court of jurisdiction to consider an appeal from the denial of a motion to reopen, Fletcher alternatively argues that the statute violates his right to equal protection and should be declared unconstitutional.

The supreme judicial power of this State is "vested in one Supreme Court and in such Circuit, Chancery and other inferior Courts as the Legislature shall from time to time, ordain and establish; in the Judges thereof, and in Justices of the Peace." Tenn. Const. Art. VI, § 1. Therefore, the Tennessee Supreme Court

> is a direct creature of the Constitution and constitutes the supreme judicial tribunal of the state and is a court of last resort. All other courts are constitutionally inferior tribunals subject to the actions of the Supreme Court. Its adjudications are final and conclusive upon all questions determined by it, subject only to review, in appropriate cases, by the Supreme Court of the United States.

Barger v. Brock, 535 S.W.2d 337, 340 (Tenn. 1976). In this case, the State urges

-6-

us to conclude, based on mere silence, that the General Assembly intended to divest this Court, a constitutional court of last resort, of jurisdiction to consider appeals from decisions denying motions to reopen post-conviction petitions. We decline to make that assumption.[2]

It is well-established that the fundamental role of this Court in construing statutes is to ascertain and give effect to legislative intent. State v. Sliger, 846 S.W.2d 262, 263 (Tenn. 1993). The Legislature is presumed to know the state of the law at the time it passes legislation. Wilson v. Johnson County, 879 S.W.2d 807, 810 (Tenn. 1994). Courts must presume that the Legislature did not intend an absurdity and adopt, if possible, a reasonable construction which provides for a harmonious operation of the laws. Cronin v. Howe, 906 S.W.2d 910, 912 (Tenn. 1996); Epstein v. State, 211 Tenn. 633, 366 S.W.2d 914 (1963).

To conclude that the Legislature, by its silence, intended to divest this Court of jurisdiction to review decisions denying motions to reopen is not reasonable. Had the General Assembly intended to enact a statute aimed at divesting this Court of jurisdiction to consider appeals from decisions denying motions to reopen, it could have drafted a provision explicitly stating that purpose and intent.[3] We will not presume from silence that such a purpose was intended. Compare

_____

[2]Given our conclusion that this Court has jurisdiction to review the denial of a motion to reopen, Fletcher's alternative argument based on equal protection is moot.

[3]Because we conclude that the General Assembly did not intend to divest this Court of jurisdiction to review decisions denying motions to reopen, we need not consider whether a statute aimed at divesting this Court of jurisdiction over a certain class or type of cases would be valid under the Tennessee Constitution. Cf. State v. Sliger, 846 S.W.2d 262, 263 (Tenn. 1993) (When construing statutes, it is our duty to adopt a construction which will sustain a statute and avoid constitutional conflict if any reasonable construction exists that satisfies the requirements of the Constitution).

Cronin, 906 S.W.2d at 912 (repeals by implication are not favored).

Rather than speculating about the significance of provisions which are not included in the statute, a more effective method of understanding the intended purpose of the statute is to consider the words actually used. The statute delineates the procedure for seeking an appeal from the trial court to the intermediate appellate court. Under the statute, an appeal from the denial of a motion to reopen is a discretionary appeal, not an appeal as of right. Assuming, as we must, that the General Assembly was aware of the state of the law at the time it passed this statute, we conclude that the purpose of its enactment was to simplify and expedite the appeal from the trial court to the Court of Criminal Appeals by removing that appeal from the strictures and requirements of the Tennessee Rules of Appellate Procedure.

Currently, as in 1995 when the post-conviction statute was revised, appeals to this Court are by and large discretionary under Rule 11, Tenn. R. App. P. A party seeking to appeal generally has sixty days from entry of the judgment of the intermediate court to file an application, and a party opposing the appeal has fifteen days after service of the application to file a response. Moreover, obtaining permission to appeal pursuant to Rule 11 is not, by any means, automatic. Instead, this Court must be convinced that an important consideration justifies granting review. Some of the considerations weighed by this Court in determining whether to grant or deny an application are listed in Rule 11 and include "the need to secure uniformity of decision, (2) the need to secure settlement of important questions of law, (3) the need to secure settlement of questions of public interest,

and (4) the need for the exercise of the Supreme Court's supervisory authority." Rule 11(a), Tenn. R. App. P. Certainly, the General Assembly was aware of the short time allowances, simple procedure, and high standard for gaining review delineated by Rule 11 when it revised the post-conviction statutes. The General Assembly's goal of promoting expediency and simplicity is well-served by the existing procedural rule governing discretionary appeals to this Court.

Therefore, we conclude that this Court has jurisdiction to review applications for permission to appeal which seek review of a denial of a motion to reopen.[4] We will grant the application, reverse the trial court's decision denying the motion to reopen, and remand for further proceedings only if it appears that the trial court abused its discretion by denying the motion.

## CONCLUSION

Having concluded that this Court has jurisdiction to consider such appeals, we must determine whether the trial court abused its discretion by denying Fletcher's motion to reopen. After carefully reviewing the materials filed in the trial court and the briefs and argument of counsel on appeal, we conclude that the trial court did not abuse its discretion by denying Fletcher's motion to reopen. The

---

[4]By denying applications for permission to appeal which sought review of decisions denying motions to reopen, we have implicitly been exercising jurisdiction over these types of appeals for some time. See, e.g., Ulysses Richardson v. State, No. 02C01-9608-CR-00255 (Tenn. Crim. App., at Jackson, September 6, 1996), perm. app. denied 12-9-96; William D. Anderson v. State, No. 03C01-9606-CC-00224 (Tenn. Crim. App., at Knoxville, September 25, 1996), perm. app. denied, 12-2-96; Randall Wade Proctor v. State, No. 01C01-9606-CC-00273 (Tenn. Crim. App., at Nashville, July 30, 1996), perm. app. denied 12-2-96.

allegations, taken as true, do not establish a valid statutory basis for granting the motion to reopen. <u>See</u> Tenn. Code Ann. § 40-30-217 (1996 Supp.). Contrary to Fletcher's assertion, <u>Sands</u>, <u>supra</u>, did not establish a new constitutional rule, but merely applied the ruling of <u>Burford v. State</u>, 845 S.W.2d 204 (Tenn. 1992), to the facts in that case. Accordingly, the decision of the Court of Criminal Appeals upholding the trial court's denial of Fletcher's motion to reopen is affirmed.

 

_____

Frank F. Drowota, III
Justice

**Concur:**
Anderson, C.J.,
Reid, Birch, Holder, JJ.