IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION



**FILED**

**September 25, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| TIMOTHY BICKERS, THOMAS CARTER, and GREGORY HEDGES, | ) ) ) | No. 03C01-9706-CR-00218 |
| Appellants | ) ) | |
| V. | ) ) | GREENE COUNTY |
| STATE OF TENNESSEE, | ) ) ) | HON. JAMES E. BECKNER, JUDGE |
| Appellee. | ) ) ) | (Post-Conviction) |

For the Appellants:

Lionel R. Barrett
222 Second Avenue
Suite 418
Nashville, TN 37201

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Peter M. Coughlan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493


C. Berkeley Bell, Jr.
District Attorney General
109 S. Main Street
Suite 501
Greeneville, TN 37743


OPINION FILED: _____


AFFIRMED


William M. Barker, Judge

**OPINION**

The appellants, Timothy Bickers, Thomas Carter, and Gregory Hedges,[1] appeal as of right the dismissal in the Greene County Criminal Court of their petitions for post-conviction relief. The trial court granted their motions to reopen, but found that the petitions were barred by the statute of limitations and that the ground for relief was waived. Although we conclude that the trial court erred in granting the motions to reopen, we nevertheless affirm the trial court's judgment dismissing the petitions for post-conviction relief.

Appellants were convicted in 1985 of seven offenses arising out of the aggravated kidnapping and aggravated robbery of a bank manager and his wife. Appellants Bickers and Carter received eighty (80) year sentences and appellant Hedges was sentenced to ninety-six (96) years. The convictions and sentences were affirmed by this Court on direct appeal. State v. Gregory A. Hedges, Thomas D. Carter, and Timothy Bickers, No. 252 (Tenn. Crim. App. at Knoxville, April 15, 1987), perm. app. denied (Tenn. 1987). Appellants' subsequently filed separate post-conviction petitions, which were denied by the trial court. This Court affirmed the denials of relief in Bickers' and Carter's cases. See Timothy Thomas Bickers v. State, No. 03C01-9311-CR-00361 (Tenn. Crim. App. at Knoxville, January 10, 1995), perm. app. denied (Tenn. 1995); Thomas D. Carter v. State, No. 03C01-9203-CR-69 (Tenn. Crim. App. at Knoxville, December 17, 1992), perm. app. denied (Tenn. 1993). A panel of this Court vacated Hedges' grand larceny conviction, but affirmed the trial court in all other respects. Gregory Hedges v. State, No. 03C01-9112-CR-00379 (Tenn. Crim. App. at Knoxville, March 10, 1993), perm. app. denied (Tenn. 1993).

---

[1]Appellants initiated these proceedings individually by filing separate motions to reopen their prior post-conviction proceedings. After the trial court dismissed their post-conviction petitions, they proceeded jointly. As a result, we have treated the case as one appeal.

On March 26, 1997, appellants filed motions to reopen their previous post-conviction petitions, accompanied by writs of error coram nobis.[2] Appellants alleged due process violations at their trial based upon the district attorney's failure to disclose a plea agreement with accomplice Janie Riddle, who was the State's primary witness. The trial court entered a preliminary order granting the motions to reopen, but summarily dismissed the petitions without holding an evidentiary hearing. The trial court denied relief because the statute of limitations had expired for both writs of error coram nobis and the Post-Conviction Act. The trial court further found that the ground for relief was easily discoverable, if not known to petitioners, prior to the first petitions and, therefore, were waived because none of the appellants raised the issue at that time.

Appellants contend that the trial court erred in ruling that the ground for relief had been waived. They assert that they did not learn of the concealed plea bargain with Riddle until well after their first petitions for post-conviction relief had been litigated. Therefore, they argue the ground may not be considered waived when they were unaware it existed. We find it unnecessary to address appellants' argument because the dispositive issue is whether the trial court properly granted the motions to reopen.

As the basis to reopen the previous petitions, each appellant submitted "that the facts underlying the claim, if true, would establish by clear and convincing evidence that the Petitioner is entitled to have the convictions set aside and to be granted a new trial." In granting the motion, the trial court stated that the motion alleged facts which, if proven by the applicable standard of proof, would afford the petitioner a basis for reopening the petition. An examination of the applicable statute

_____

[2]The motions to reopen stated that the basis for relief was "set forth in the attached Petition for Writ of Error Coram Nobis/Petition for Post-Conviction Relief." While asserting the allegations in that manner does not comply with the statute, it does not alter our determination on the motions to reopen. Tenn. Code Ann. §40-30-217(b) (1997) (stating that motion should be accompanied by affidavit containing the factual basis underlying the claims).

reveals that appellants and the trial court relied upon an improper ground to reopen the petitions.

The Post-Conviction Act of 1995 sets forth limited circumstances in which a motion to reopen may be granted. Under Tennessee Code Annotated section 40-30-217, a motion to reopen may be filed when:

> (1) the claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or
>
> (2) the claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) the claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and
>
> (4) it appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

The motion should be denied without a hearing unless it contains factual allegations that meet one of the enumerated statutory circumstances. Tenn. Code Ann. §40-30-217(b). See also Fletcher v. State, 951 S.W.2d 378, 380 (Tenn. 1997).

The clear language of the statute reflects that only those events set out in the first three subsections qualify as a basis for reopening a petition. The ground asserted must meet the "clear and convincing" standard set forth in subsection (4). Donald Wayne Easley v. State, No. 01C01-9609-CC-00407 (Tenn. Crim. App. at Nashville, November 6, 1997), perm. app. denied (Tenn. 1998). Therefore, facts described in either statutory ground (1), (2), or (3) must exist *and* the facts underlying that ground must establish by clear and convincing evidence that the petitioner is

4

entitled to have the conviction set aside. Subsection (4) of the statute is joined to the preceding three grounds by the conjunctive "and;" it does not exist as an independent ground for relief. As a result, the trial court erred in reopening the petitions based on subsection (4) since the appellants failed to assert facts to support one of the three statutory circumstances.

Appellants' allegations of prosecutorial misconduct do not satisfy any of the circumstances contemplated by the statute. Appellants have not made a showing of a new constitutional rule requiring retrospective application, new scientific evidence, or that a previous conviction used for sentence enhancement has been set aside. In the absence of facts to support one of the three statutory requirements, we deny appellants' motions to reopen their previous post-conviction petitions.

_____
William M. Barker, Special Judge


CONCUR:


_____
Gary R. Wade, Presiding Judge


_____
Joseph M. Tipton, Judge