IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 22, 2008

## JEFFREY W. HAITHCOTE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bedford County**
**Nos. 9934 and 9935     Lee Russell, Judge**

---

**No. M2007-01469-CCA-R3-PC- Filed November 4, 2008**

---

The Petitioner, Jeffrey W. Haithcote, filed a motion to reopen his post-conviction petition, arguing that (1) he received ineffective assistance of counsel; (2) the State failed to keep a record of his preliminary hearing; (3) the State breached the plea bargain to which the Defendant agreed; (4) newly discovered evidence is available in the form of tapes, witness statements, and transcripts; (5) his motion to withdraw his guilty plea was not heard; (6) the State improperly used his prior convictions to impeach him and enhance his sentence; (7) his convictions violated the Double Jeopardy and Ex Post Facto Clauses of the United States Constitution; and (8) the State failed to make certain transcripts available to him.  The trial court summarily denied the motion.  Following our review, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ, joined.

Jeffrey W. Haithcote, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Charles Crawford, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

A jury convicted the Petitioner of evading arrest and reckless endangerment.  He subsequently pleaded guilty to an unrelated charge of escape.  As a part of his plea agreement, he waived the right to appeal the earlier convictions for evading arrest and reckless endangerment.

The Petitioner filed a petition for post-conviction relief on May 17, 2004. The post-conviction court denied the Petitioner relief; this Court upheld that denial. See Jeffrey Wayne Haithcote v. State, No. M2004-02196-CCA-R3-PC, 2005 WL 2139405, at *11 (Tenn. Crim. App., Nashville, Sept. 2, 2005), perm. to app. denied (Tenn. Feb. 6, 2006). The Petitioner then, on April 5, 2006, filed in the trial court a motion to reopen his post-conviction petition. That court denied his motion on October 31, 2006. The Petitioner subsequently filed a notice of appeal in an attempt to appeal the denial of the motion to reopen.

**Analysis**

Tennessee Code Annotated section 40-30-117(a) outlines certain limited circumstances under which a petitioner may file a motion to reopen post-conviction proceedings. The Petitioner's attempt to appeal from the trial court's denial of his petition is deficient in two respects.

First, the Petitioner filed a "notice of appeal," governed by Tennessee Rule of Appellate Procedure 3(b). That rule does not provide for an appeal as of right in this situation, as the Petitioner is not appealing from "an order denying or revoking probation" or from a "final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Tenn. R. App. P. 3(b). The Petitioner should have filed an application for permission to appeal, as required by Tennessee Code Annotated section 40-30-117(c). See Fletcher v. State, 951 S.W.2d 378, 382 (Tenn. 1997) (stating that "an appeal from the denial of a motion to reopen is a discretionary appeal, not an appeal as of right"). While our supreme court has held that a pleading titled as a "notice of appeal" can be treated as an "application for permission to appeal," it still "must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." Graham v. State, 90 S.W.3d 687, 691 (Tenn. 2002). Here, the Petitioner's notice of appeal only contains the date of judgment, and therefore, cannot be treated as an application for permission to appeal.

Second, the Petitioner did not timely file an application for permission to appeal. If the trial court denies a motion to reopen, "the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal." Tenn. Code Ann. § 40-30-117(c). Here, the trial court denied the petitioner's motion on October 31, 2006. Thus, the Petitioner had until November 10, 2006, to file an application for permission to appeal. See id. The trial court clerk, upon receipt of a petitioner's notice of appeal, is required to serve a copy of the notice on the relevant appeals court clerk. Tenn. R. App. P. 5(a). That did not occur here until July 2, 2007. The notice of appeal does not reflect a "stamp-filed" date, showing the date it was filed in the trial court. The notice of appeal is dated November 15, 2006, five days after the statutory deadline. Thus, even if the notice of appeal is treated as an application for permission to appeal, it would not be timely filed.

Because of these deficiencies, this appeal is not properly before us and should accordingly be dismissed.

## Conclusion

For the reasons stated above, we dismiss this appeal of the trial court's denial of the Petitioner's motion to reopen his post-conviction petition.

_____
DAVID H. WELLES, JUDGE