IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2012

RICKY LEE NELSON a/k/a RUSSELL WELLINGTON
v. STATE OF TENNESSEE

Appeal from the Criminal Court for Shelby County
No. 89-04384-86     Carolyn Wade Blackett, Judge

No. W2012-00045-CCA-R3-PC  - Filed March 25, 2013

Petitioner, Ricky Lee Nelson a/k/a Russell Wellington, appeals the Shelby County Criminal
Court's denial of his motion to reopen post-conviction proceedings.  Upon review, we
conclude that petitioner has failed to comply with the statutory requirements governing an
appeal of the denial of a motion to reopen a post-conviction petition.  Accordingly, this court
is without jurisdiction to hear the appeal, and the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and
NORMA MCGEE OGLE, J., joined.

Patrick E. Stegall, Memphis, Tennessee, for the appellant, Ricky Lee Nelson a/k/a Russell
Wellington.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel;
Amy P. Weirich, District Attorney General; and Susanna Shea, Assistant District Attorney
General, for the appellee, State of Tennessee.

**OPINION**

I. Procedural History and Facts

In a previous opinion, this court recounted the history of petitioner's case as follows:

The Petitioner was convicted by a jury of aggravated rape, aggravated
robbery, and second degree burglary.  He was sentenced to [thirty]-five years.
The Petitioner appealed the convictions, which were affirmed by this Court.

*See State v. Ricky Nelson*, No. 02-C-019103CR00050, 1991 WL 193776, at *1 (Tenn. Crim. App. Oct. 2, 1991), *perm. app. denied* (Tenn. Feb. 24, 1992). In our decision on the direct appeal, we recited the following limited facts:

> [The Petitioner] raped and robbed a woman in her own home in Memphis while she was dressing for church on Sunday, February 19, 1989. He entered the home for the ostensible purpose of talking with the woman's daughter about a job. He had talked with the younger woman the preceding day. Before the rape and robbery, the daughter called her mother, and [the daughter] realized that the [Petitioner] was in the home because she recognized his voice. The [Petitioner] brandished a butcher knife during his crimes. After the brutal rape and robbery, the ensuing investigation corroborated the testimony of both women at the two-day trial. Both women identified the [Petitioner] at trial as the man who had come to the home on Saturday and later raped and robbed the mother on Sunday. After the state rested, the [Petitioner] was questioned by his attorney and the court as to whether or not he wanted to take the witness stand. He stated that he did not. He presented no proof. Deliberating for less than an hour, the jury convicted [the Petitioner].

*Ricky Nelson*, 1991 WL 193776, at *1. The Petitioner filed for post-conviction relief and post-conviction DNA testing, arguing that he was entitled to state-funded DNA testing and that his counsel was ineffective at trial. One of the Petitioner's bases for ineffective counsel was the fact that trial counsel did not seek DNA testing at the request of the Petitioner. The trial court denied the Petitioner post-conviction relief, and this Court subsequently affirmed the denial. *See Ricky Nelson v. State*, No. 02C01-9607-CR-00223, 1998 WL 54975 (Tenn. Crim. App. Feb. 12, 1998). In 2010, the Petitioner filed a Motion for Post-Conviction DNA Testing of the knife used in the commission of the rape, and the trial court denied the motion after a non-evidentiary hearing.

*Ricky Nelson v. State*, No. W2010-02088-CCA-R3-PC, 2011 WL 6349720, at *1-2 (Tenn. Crim. App. Dec. 14, 2011). Petitioner appealed the denial of his "Motion for Post-Conviction DNA Testing" to this court, and this court remanded petitioner's case to the post-conviction court for further findings. *Id.* at *1.

On May 6, 2011, petitioner filed a motion to reopen his original post-conviction proceeding, contending that his convictions for aggravated robbery and second degree burglary amounted to double jeopardy. In his motion, he also appeared to contend that a prior conviction was improperly used to enhance his sentences. We note that the trial court should not have held an evidentiary hearing in this case. The grounds set forth in his "Motion to Reopen Post-Conviction Petition" clearly did not meet the statutory criteria set forth at Tenn. Code Ann. Section 40-30-117(b). The motion should have been summarily dismissed. Nevertheless, the post-conviction court appointed counsel for petitioner, and the court held an evidentiary hearing on the motion on October 27, 2011.

At the hearing, petitioner testified that the trial court illegally enhanced his sentences because it did not allow the jury to determine which enhancement factors applied to his case. Petitioner stated that the trial court found as an enhancement factor that he had a "previous history of criminal convictions and criminal behavior in addition to those necessary to establish the appropriate range."[1] Petitioner said that this finding was improper because his prior charges for first degree burglary, second degree burglary, and rape were expunged from his record the year before the hearing. Petitioner explained that in his second degree burglary case, he pleaded down to the lesser-included offense of attempted second degree burglary, and for the rape case, he pleaded down to the lesser-included offense of sexual battery. He agreed that although the charges for second degree burglary and rape were expunged, the convictions for the lesser-included offenses to which he pleaded guilty remained on his record. Petitioner further testified that his convictions for both robbery and burglary violated double jeopardy. He stated, "I can't rob the same house and then burglarize the same house at the same time." He agreed that the crimes had different elements but said that "just one criminal act [was] alleged."

The post-conviction court took the matter under advisement and issued a written order denying petitioner's motion to reopen the petition for post-conviction relief. In its order, the post-conviction court determined the trial court properly sentenced petitioner under the 1989 Sentencing Act, which "requires that the trial court . . . impose sentences [that] comply with the principles and purposes of the Act." The court further concluded that petitioner failed to present any evidence supporting his claim that the convictions the trial court used to enhance his sentence had been overturned. Moreover, the post-conviction court determined that petitioner's claim regarding double jeopardy "should have been litigated pre-trial, during trial, in a motion for new trial, or on direct appeal; therefore, it [was] not an appropriate issue for post-conviction relief." Finally, the court determined that petitioner failed to establish the required circumstances for reopening a petition for post-conviction relief. Thereafter,

---

[1] *See* Tenn. Code Ann. § 40-35-114(1) (2010).

petitioner filed a notice of appeal with the clerk of the trial court. Petitioner now appeals the post-conviction court's denial of his motion to reopen the petition for post-conviction relief.

## II. Analysis

On appeal, petitioner argues that the post-conviction court erred in denying his motion to reopen the petition for post-conviction relief. Specifically, he asserts that the post-conviction court should have granted his motion because the trial court sentenced petitioner solely under the 1989 Sentencing Act.[2] The State responds that this court should dismiss petitioner's appeal because petitioner did not comply with the statutory provisions for appealing a denial of a motion to reopen post-conviction proceedings. We agree with the State.

When seeking review of a post-conviction court's denial of a motion to reopen, a petitioner shall file, within thirty days of the lower court's ruling, "an application *in the court of criminal appeals* seeking permission to appeal." Tenn. Code Ann. § 40-30-117(c) (2012) (emphasis added);[3] Tenn. Sup. Ct. R. 28, § 10(B). Under the statute, an appeal from the denial of a motion to reopen is a discretionary appeal, not an appeal as of right. *Fletcher v. State*, 951 S.W.2d 378, 382 (Tenn. 1997). The application for permission to appeal shall include copies of all documents filed by both parties in the trial court and the order denying the motion. Tenn. Code Ann. § 40-30-117(c) (2012); *see* Tenn. Sup. Ct. R. 28, § 10(B). While the Tennessee Supreme Court has held that a pleading entitled "notice of appeal" can be treated as an application for permission to appeal, it "must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." *Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002).

To obtain review of the post-conviction court's order, a petitioner must comply with the statutory requirement in Tennessee Code Annotated section 40-30-117(c). A petitioner's failure to comply with those requirements deprives this court of jurisdiction to consider the matter. Because petitioner has failed to comply with the statutory requirements by filing a notice of appeal with the clerk of the trial court rather than an application for permission to appeal with the Court of Criminal Appeals, we are without jurisdiction to review this matter

---

[2] In his motion to reopen the petition for post-conviction relief, petitioner also argued that his convictions violated double jeopardy and that his sentences were improperly enhanced. It appears that petitioner has abandoned those claims on appeal. Because our review generally does not extend to issues not presented for review, we decline to address this argument. *See* Tenn. R. App. P. 13(b).

[3] Effective May 27, 2011, the time for filing an application for permission to appeal in this court was increased from ten days to thirty days.

as an appeal of a denial of a motion to reopen a petition for post-conviction relief. *See Salvatore Pisano, Jr. v. State*, No. W2011-02535-CCA-R3-PC, 2012 WL 5507328, at *3, (Tenn. Crim. App. Nov. 13, 2012); *Eric Carter v. State*, No. W2008-00957-CCA-R3-PC, 2008 WL 4936719, at *2 (Tenn. Crim. App. Nov. 19, 2008); *Timothy Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007). *See also Graham v. State*, 90 S.W.3d at 689 (noting that the petitioner filed his document entitled "Notice of Appeal" with the clerk of the Court of Criminal Appeals). Petitioner failed to timely present the issue concerning his sentence before a court of competent jurisdiction. Therefore, petitioner has waived review of the issue and is not entitled to relief.

## CONCLUSION

Based on the foregoing, we dismiss petitioner's appeal.

_____
ROGER A. PAGE, JUDGE