IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**CHRISTOPHER HODGE v. STATE OF TENNESSEE**

**Circuit Court for Lauderdale County
No. 7359**

_____

**No. W2025-01156-CCA-R28-PC**

_____

ORDER

This matter is before the Court upon the Petitioner's application for permission to appeal the trial court's denial of his motion to reopen post-conviction proceedings. *See* T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28, § 10(B). The Petitioner argues that *Smith v. Arizona*, 602 U.S. 779 (2024), established a new, retroactive rule of constitutional law regarding the application of the Confrontation Clause to expert testimony. Upon our review of the application and the State's response, we conclude that the trial court did not abuse its discretion in denying the Petitioner's motion to reopen post-conviction proceedings.[1]

Background

The Petitioner was convicted of second degree murder and sentenced to 35 years for killing his cellmate at West Tennessee State Penitentiary. *State v. Hodge*, No. W2003-01513-CCA-R3-CD, 2004 WL 2290495, at *1 (Tenn. Crim. App. Oct. 11, 2004), *perm. app. denied* (Tenn. Feb. 28, 2005). Over the years, the Petitioner has filed multiple unsuccessful collateral attacks against his conviction. *See Hodge v. State*, No. W2005-01588-CCA-R3-PC, 2006 WL 1381647, at *1 (Tenn. Crim. App. May 19, 2006) (affirming denial of post-conviction relief), *perm. app. denied* (Tenn. Oct. 2, 2006); *Hodge v. State*, No. W2016-00892-CCA-R3-PC, 2017 WL 714037, at *1 (Tenn. Crim. App. Feb. 23, 2017) (affirming summary dismissal of petition requesting DNA analysis), *perm. app. denied* (Tenn. May 24, 2017); *Hodge v. Johnson*, No. M2016-00819-CCA-R3-HC, 2017 WL 3288553, at *1 (Tenn. Crim. App. Aug. 2, 2017) (affirming summary dismissal of habeas corpus petition), *perm. app. denied* (Tenn. Dec. 6, 2017); *Hodge v. State*, No. W2024-

---

[1] The Petitioner requested oral argument in this matter. However, this Court has discretion whether argument is granted on a motion to reopen post-conviction proceedings. *See* Tenn. Sup. Ct. R. 28, § 10(B) ("The Court of Criminal Appeals *may* allow the parties to file additional briefs, argue the case, or both.") (emphasis added). We conclude that argument is not required in this case.

01009-CCA-R3-ECN, 2025 WL 1077380, at *1 (Tenn. Crim. App. Apr. 10, 2025) (affirming summary dismissal of petition for writ of error coram nobis), *no perm. app. filed*.

On June 18, 2025, the Petitioner filed a motion to reopen post-conviction proceedings.[2] The Petitioner argued that under the United States Supreme Court's holding in *Smith*, "the State cannot rely upon an expert witness to convey an absent analyst's conclusions in support of the expert's opinion and that doing so violates the Confrontation Clause of the Sixth Amendment to the United States Constitution." During the Petitioner's trial, Dr. O.C. Smith testified that he supervised the victim's autopsy; however, another pathologist, who did not testify, performed the autopsy and completed the autopsy report that was admitted into evidence. *See Hodge*, 2004 WL 2290495, at *1. The Petitioner argued that the holding of *Smith* should be applied retroactively to his case and that he should be granted a new trial because Dr. Smith's testimony about the autopsy report constituted testimonial hearsay.

On July 2, 2025, the trial court entered an order summarily denying the Petitioner's motion to reopen. The trial court found that *Smith* did not create a new constitutional rule but "merely applied the Supreme Court's Confrontation Clause jurisprudence to the facts of the case before it." Secondly, the trial court found that even if *Smith* created a new rule, it would not apply to the Petitioner's case because autopsy reports are generally not testimonial unless they are "made for the purpose of proving the guilt of a particular criminal defendant at trial." *See State v. Hutchison*, 482 S.W.3d 893, 914 (Tenn. 2016). The Petitioner filed a timely application for permission to appeal in this Court.

Analysis

The Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief" and "any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c). However, a defendant may seek relief based on claims that arise after the disposition of the initial petition by filing a motion to reopen post-conviction proceedings "under the limited circumstances set out in § 40-30-117." *Id.*; *see Fletcher v. State*, 951 S.W.2d 378, 380 (Tenn. 1997). As relevant here, a motion to reopen must present a claim "based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required" and must be filed within one year of that ruling. T.C.A. § 40-30-117(a)(1). Under the Post-Conviction Procedure Act,

---

[2] The State argues that the Petitioner's application for permission to appeal should be denied for failing to attach a copy of the motion to reopen filed in the trial court. *See* T.C.A. § 40-30-117(c) (stating that an application for permission to appeal "shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion"). However, the motion is attached to the application as Exhibit A.

a new rule of constitutional criminal law is announced if the result is not dictated by precedent existing at the time the petitioner's conviction became final and application of the rule was susceptible to debate among reasonable minds. A new rule of constitutional criminal law shall not be applied retroactively in a post-conviction proceeding unless the new rule places primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or requires the observance of fairness safeguards that are implicit in the concept of ordered liberty.

T.C.A. § 40-30-122. Further, the motion to reopen must present "facts underlying the claim [that], if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced." T.C.A. § 40-30-117(a)(4). Taking the petitioner's factual allegations as true, the post-conviction court shall deny the motion if it fails to meet these requirements. T.C.A. § 40-30-117(b). This Court will grant an application for permission to appeal only if we conclude that the trial court abused its discretion in denying the motion to reopen. T.C.A. § 40-30-117(c).

In *Crawford v. Washington*, 541 U.S. 36 (2004), the United States Supreme Court held that the Confrontation Clause barred the admission of testimonial hearsay unless the declarant is unavailable to testify at trial and the defendant had a prior opportunity for cross-examination. In *Smith v. Arizona*, the Court considered "the application of those principles to a case in which an expert witness restates an absent lab analyst's factual assertions to support his own opinion testimony." 602 U.S. at 783. Specifically, the Court set out to address the "confusion" created by the plurality opinion in *Williams v. Illinois*, 567 U.S. 50 (2012), as to whether out-of-court statements that form the basis of an expert witness's opinion are themselves offered for the truth of the matter asserted and thus subject to exclusion as testimonial hearsay. *Smith*, 602 U.S. at 789. The Court held that "[i]f an expert for the prosecution conveys an out-of-court statement in support of his opinion, and the statement supports that opinion only if true, then the statement has been offered for the truth of what it asserts." *Id*. at 795. The Court held that the state court's reliance on Rule of Evidence 703 did not insulate such statements from the Confrontation Clause. *Id.* at 803.

In his application before this Court, the Petitioner argues that *Smith* creates a new rule of constitutional law that should be applied retroactively to his case. The Petitioner argues that *Smith* created a new rule because it did not "merely extend *Crawford*; it fundamentally undermine[d] and contradict[ed] decades of precedent regarding Rule [of Evidence] 703." The Petitioner further argues that the *Smith* rule should be applied retroactively because it "undoubtedly requires the observance of fairness safeguards that are implicit in the concept of ordered liberty," asserting that the exclusion of the autopsy report and Dr. Smith's testimony would "affect[] the accuracy of [the Petitioner's] conviction" because it was the only evidence contradicting his claim of self-defense.

The State responds that *Smith* did not create a new rule of constitutional law. The State argues "While the hearsay issue in *Smith* may have been subject to reasonable debate, . . . its conclusion 'follow[ed] from all [the Supreme Court] has held about the Confrontation Clause's application to forensic evidence'" (quoting *Smith*, 602 U.S. at 802). Further, the State argues that even if *Smith* did create a new rule, it cannot surmount the "high bar" for retroactively applicable procedural rules, noting that "federal courts have recognized that updates in Confrontation Clause jurisprudence do not warrant retroactive application." *See Garcia v. Cain*, No. 1:24-CV-52-HSO, 2025 WL 1363109, at *5 (S.D. Miss. May 9, 2025) (holding that *Smith* is not retroactively applicable to federal habeas corpus cases); *Hisler v. Royce*, No. 1:21-CV-3676, 2025 WL 903847, at *13 (E.D.N.Y. Mar. 25, 2025) (same); *Murdock v. McGuinness*, No. 21-CV-5624 (DC), 2024 WL 5040448, at *7 (E.D.N.Y. Dec. 9, 2024) (same).

Regardless of whether *Smith* established a new rule of constitutional law with regard to the application of the Confrontation Clause to expert opinion testimony, it is not retroactively applicable to cases on collateral review. The Petitioner concedes that the holding of *Smith* does not "place[] primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." T.C.A. § 40-30-122. Thus, to be retroactively applicable, the *Smith* rule must "require[] the observance of fairness safeguards that are implicit in the concept of ordered liberty." *Id*. The Tennessee Supreme Court has explained that this retroactivity standard, similar to the federal standard under *Teague v. Lane*, 489 U.S. 288, 313 (1989), is "limited to 'watershed rules of criminal procedure' or 'those new procedures without which the likelihood of an accurate conviction is seriously diminished.'" *Bush v. State*, 428 S.W.3d 1, 20 (Tenn. 2014). Even *Crawford*, which created the testimonial hearsay rule, was not considered to be a "watershed rule" of criminal procedure. *See Whorton v. Bockting*, 549 U.S. 406, 419 (2007) (noting that "the relationship of that rule to the accuracy of the factfinding process is far less direct and profound"). Thus, it is unlikely that an extension or clarification of the *Crawford* rule would meet this high threshold. *Cf. Bush*, 428 S.W.3d at 21 (holding that new rule was not a "watershed" rule because it was "simply an extension of [a] long-recognized constitutional doctrine").

Even if *Smith* did create a new, retroactively applicable rule of constitutional law, the Petitioner has not shown by clear and convincing evidence that he would be entitled to relief. *See* T.C.A. § 40-30-117(a)(4). While *Smith* clarified the "hearsay" portion of the testimonial hearsay rule, the Court declined to address whether the challenged statements were testimonial. 602 U.S. at 800 (noting that the "two issues are separate from each other"). We note that the *Smith* Court cited the Tennessee Supreme Court's decision in *Hutchison* in a footnote as an example of a state court following the "not for the truth" rationale of the *Williams*' plurality. *See Smith*, 602 U.S. at 789 n.2 (citing *Hutchison*, 482 S.W.3d at 914). While this portion of *Hutchison* may have been abrogated, the bulk of the analysis focused on determining whether an autopsy report is testimonial was not. *See*

*Hutchison*, 482 S.W.3d at 905 (citing *State v. Dotson*, 450 S.W.3d 1, 63 (Tenn. 2014) and *Davis v. Washington*, 547 U.S. 813, 823-24 (2006)) (noting that "the threshold question . . . is whether the challenged statement is testimonial" because the Confrontation Clause "is not implicated where the evidence in question is nontestimonial hearsay"). Because *Smith* did not affirm or overrule any of the definitions of "testimonial" provided in the fractured *Williams* decision on which *Hutchison* relied, that portion of the opinion – including the conclusion that an autopsy report is generally not testimonial even when law enforcement has a specific suspect – remains good law. *See* 482 S.W.3d at 904-14.

Moreover, even if an autopsy report may constitute testimonial hearsay, this case is distinguishable from the facts in *Smith*. Dr. Smith did not testify as a "surrogate expert" merely relaying the factual assertions of the absent pathologist. Unlike the expert witness in *Smith*, who had no knowledge of the testing conducted in the case outside of the report and notes written by the non-testifying analyst, Dr. Smith testified that he "had direct knowledge of the autopsy that was being performed." He testified that he was present throughout the autopsy, that he was working "side by side" with the other pathologist, that he had personal "knowledge of what she was seeing, . . . of what she was doing," and that his observations and conclusions were "independent of her examination." Thus, even if the autopsy report itself were excluded, the remainder of Dr. Smith's testimony would not violate the Confrontation Clause and would still be admissible.

This Court concludes that the post-conviction court did not abuse its discretion in denying the Petitioner's motion to reopen. Accordingly, the application for permission to appeal is hereby DENIED. Because it appears that the Petitioner is indigent, costs associated with this action shall be taxed to the State.

s/ Camille R. McMullen, Judge
s/ J. Ross Dyer, Judge
s/ John W. Campbell, Judge