FILED

10/29/2025

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**COURTNEY MEANS v. STATE OF TENNESSEE**

**Criminal Court for Shelby County**
**No. 03-05193, 03-05200**

———————————————————

**No. W2025-01101-CCA-R28-PC**

———————————————————

**ORDER**

This matter is before the Court on the pro se Petitioner's application for permission to appeal the post-conviction court's denial of his motion to reopen post-conviction proceedings. *See* T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28, § 10(B). The Petitioner argues that he is entitled to relief because his sentence in the above-referenced cases was enhanced by prior convictions that were subsequently invalidated by a federal court. *See* T.C.A. § 40-30-117(a)(3). The State has responded in opposition to the motion, arguing that the federal court did not invalidate the Petitioner's prior convictions but merely ordered that he be resentenced. Upon our review of the application and the State's response, we conclude that the trial court did not abuse its discretion in denying the Petitioner's motion to reopen post-conviction proceedings.

Background

In this case, the Petitioner was convicted of three counts of aggravated robbery. *State v. Means*, W2005-00682-CCA-R3-CD, 2006 WL 709206, at *1 (Tenn. Crim. App. Mar. 21, 2006), *perm. app. denied* (Tenn. Sept. 5, 2006). The Petitioner was sentenced to twelve years for each count, with two cases run consecutively, for a total effective sentence of twenty-four years. *Id.* In sentencing the Petitioner, the trial court considered the Petitioner's four prior convictions for aggravated robbery, as well as a prior conviction for assault, as an enhancement factor. *Id.* at *7. This Court affirmed the Petitioner's convictions and sentences on direct appeal. *Id.* The Petitioner unsuccessfully challenged these convictions by filing petitions for post-conviction relief, *see Means v. State*, No. W2010-01077-CCA-R3-CD (Tenn. Crim. App. Mar. 24, 2011) (order), *perm. app. denied* (Tenn. July 15, 2011); a Rule 36.1 motion to correct an illegal sentence, *see State v. Means*, No. W2016-02209-CCA-R3-CD, 2017 WL 2482988, at *1 (Tenn. Crim. App. June 7, 2017); and a petition for writ of habeas corpus, *see Means v. State*, No. W2018-01902-

1

CCA-R3-HC, 2019 WL 5448193 (Tenn. Crim. App. Oct. 23, 2019), *perm. app. denied* (Tenn. Feb. 26, 2020).

In the meantime, and as relevant to this appeal, the Petitioner obtained partial federal habeas relief with regard to his four prior convictions for aggravated robbery. *See Means v. Lester*, No. 11-2646-JPM-TMP, 2013 WL 3992506, at *1 (W.D. Tenn. Aug. 5, 2013). The federal district court concluded that the Petitioner's nine-year sentences in those cases violated *Blakely*[1] because the trial court relied upon two enhancement factors that were not found by the jury. *Id.* at *9. The court issued a conditional writ and ordered the State to reduce the Petitioner's sentence for each conviction to eight years or conduct a new sentencing hearing within 180 days. *Id.* at *12. When the State failed to timely comply, the federal court issued an unconditional writ, ordering the State to release the Petitioner from custody on those convictions. *Means v. Phillips*, 136 F. Supp. 3d 872, 893 (W.D. Tenn. 2015). However, the court found that there were no "extraordinary circumstances" that would prevent the State from rearresting and resentencing the Petitioner. *Id.* at 894. Specifically, the court stated that the Petitioner's "convictions are valid, and he has not served time on an invalid conviction or been imprisoned past the maximum sentence that could be imposed." *Id.* Thereafter, the Petitioner agreed to a sentence of 7.2 years for each conviction, some of which were run consecutively, for a total effective sentence of 14.4 years. *See Means*, 2019 WL 5448193, at *1.

At some point, the Petitioner filed a pro se motion to reopen post-conviction proceedings in the present case.[2] The Petitioner argued that because he had received federal habeas relief on his four prior convictions, they could not be used to enhance his sentences in this case. Counsel was appointed to represent the Petitioner, and the trial court conducted a hearing to clarify the Petitioner's argument. On June 30, 2025, the trial court entered an order denying the motion. The trial court found that because federal district court did not vacate the Petitioner's four prior convictions, he was not entitled to reopen post-conviction proceedings under Tennessee Code Annotated § 40-30-117(a)(3).

Analysis

The Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief" and "any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c). However, a defendant may seek relief on the basis of claims that arise after the disposition of the initial petition by filing a motion to reopen the post-conviction proceedings "under the limited circumstances set out in § 40-30-117." *Id.*; *see Fletcher v. State*, 951 S.W.2d 378, 380 (Tenn. 1997). As relevant here, a motion

---

[1] *Blakely v. Washington*, 542 U.S. 296 (2004).

[2] The copy of the motion submitted to this Court is not file-stamped but has a certificate of service date of December 20, 2022. The trial court's order states that the motion was filed on May 22, 2023.

to reopen must present a claim that a sentence, which was not agreed to as part of a guilty plea, "was enhanced because of a previous conviction . . . , and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid." T.C.A. § 40-30-117(a)(3). Further, the motion must present "facts underlying the claim [that], if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced." T.C.A. § 40-30-117(a)(4). Taking the petitioner's factual allegations as true, the post-conviction court shall deny the motion if it fails to meet these requirements. T.C.A. § 40-30-117(b). This Court will grant an application for permission to appeal only if we conclude that the trial court abused its discretion in denying the motion to reopen. T.C.A. § 40-30-117(c).

In his application before this Court, the Petitioner's primary contention is that the ruling of the federal district court invalidated his four prior aggravated robbery convictions that were used to enhance his twelve-year sentences in this case. The State responds that not only is the Petitioner's motion untimely, it also misconstrues the ruling of the federal district court. We agree with the State.

Although the federal district court granted the Petitioner an unconditional writ of habeas corpus and ordered his release, it was very clear that only his sentences, not the underlying convictions, were at issue. Indeed, the court specifically held that the State could resentence the Petitioner because his "convictions are valid." *Means*, 136 F. Supp. 3d at 894. However, even if the federal district court's ruling did invalidate the Petitioner's prior convictions, his motion to reopen was filed approximately six years too late. *See* T.C.A. § 40-30-117(a)(3) (stating that "the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid").

This Court concludes that the trial court did not abuse its discretion in denying the Petitioner's motion to reopen. Accordingly, the application for permission to appeal is hereby DENIED. Because it appears that the Petitioner is indigent, costs associated with this action shall be taxed to the State.

s/ J. Ross Dyer, Judge
s/ John W. Campbell, Judge
s/ Matthew J. Wilson, Judge

3