IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**ANTONIO BONDS v. STATE OF TENNESSEE**

**Criminal Court for Shelby County**
**No. 98-08055**

————————————————————

**No. W2025-01467-CCA-R28-PC**

————————————————————

**ORDER**

This matter is before the Court on the pro se Petitioner's application for permission to appeal the trial court's denial of his motion to reopen post-conviction proceedings. *See* T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28, § 10(B). The State has responded in opposition to the application, arguing that the Petitioner failed to comply with the procedural requirements of Tennessee Code Annotated § 40-30-117. For the reasons set forth below, we agree with the State and deny the application.

Background

Following a jury trial in 1999, the Petitioner was convicted of one count of premeditated first degree murder and sentenced to life imprisonment. *See State v. Bonds*, No. W2000-01242-CCA-R3-CD, 2001 WL 912829 (Tenn. Crim. App. Aug. 13, 2001), *perm. app. denied* (Tenn. Dec. 27, 2001). This Court affirmed the Petitioner's conviction on direct appeal. *Id.* The Petitioner subsequently filed multiple untimely collateral attacks against his conviction, including petitions for post-conviction relief and writ of error coram nobis, all of which were denied. *See Bonds v. State*, W2021-00589-CCA-R3-PC, 2022 WL 1165950 (Tenn. Crim. App. Apr. 20, 2022), *perm. app. denied* (Tenn. Sept. 29, 2022); *Bonds v. State*, No. W2015-02393-CCA-R3-PC, 2016 WL 4737162 (Tenn. Crim. App. Sept. 9, 2016), *perm. app. denied* (Tenn. Jan. 20, 2017); *Bonds v. State*, No. W2010-01515-CCA-R3-PC, 2011 WL 914981 (Tenn. Crim. App. Mar. 16, 2011), *perm. app. denied* (Tenn. July 15, 2011); *Bonds v. State*, No. W2009-00681-CCA-R3-PC (Tenn. Crim. App. July 24, 2009) (order), *no perm. app. filed*; *Bonds v. State*, No. W2006-00343-CCA-R3-CO, 2006 WL 3516225 (Tenn. Crim. App. Dec. 6, 2006), *perm. app. denied* (Tenn. Apr. 16, 2007); *Bonds v. State*, No. W2003-00260-CCA-R3-PC, 2003 WL 22718186 (Tenn. Crim. App. Nov. 14, 2003), *perm. app. denied* (Tenn. Mar. 8, 2004).

1

According to the trial court's August 20, 2025 order, the Petitioner filed a motion to reopen post-conviction proceedings on May 1, 2025, arguing that the recent United States Supreme Court case *Glossip v. Oklahoma*, 145 S.Ct. 612 (2025) established a new, retroactive rule of constitutional law. *See* T.C.A. § 40-30-117(a)(1). However, the Petitioner failed to attach a copy of his motion to his application before this Court.[1] The trial court denied the motion, finding that *Glossip* did not establish a new rule but was merely an application of the rule established decades earlier in *Napue v. Illinois*, 79 S.Ct. 1173 (1959) regarding the State's failure to correct false testimony. The trial court went further and analyzed the Petitioner's specific allegations, finding that the Petitioner presented "no proof that (1) any testimony was false, or that (2) any prosecutor knew testimony was false and failed to correct it." The trial court found that the Petitioner's other claims, including ineffective assistance of counsel and improper prosecutorial argument, had either been previously determined or waived. Finally, the trial court found that there was no violation of *Brady v. Maryland*, 83 S.Ct. 1194 (1963), because a letter the Petitioner alleged to have discovered in April 2020 was not exculpatory.

Analysis

A defendant may seek post-conviction relief from a conviction or sentence that is void or voidable due to the violation of any constitutional right. T.C.A. § 40-30-103. The Post-Conviction Procedure Act limits a defendant to a single petition for relief. T.C.A. § 40-30-102(c). However, a defendant may seek relief on the basis of claims that arise after the disposition of the initial petition by filing a motion to reopen the post-conviction proceedings "under the limited circumstances set out in § 40-30-117." *Id*.; *see Fletcher v. State*, 951 S.W.2d 378, 380 (Tenn. 1997). A motion to reopen must assert one of the following grounds for relief:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was

---

[1] The Petitioner submitted a copy of the trial court's order one day after filing his application for permission to appeal.

enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid[.]

T.C.A. § 40-30-117(a)(1)-(3); *Howell v. State*, 151 S.W.3d 450, 460 (Tenn. 2004). Additionally, the motion must contain factual allegations that "if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced." T.C.A. § 40-30-117(a)(4).

If the trial court denies the motion, the defendant may file an application for permission to appeal in this Court. T.C.A. § 40-30-117(c). The application must be filed within thirty days of the trial court's order and must include "copies of all documents filed by both parties in the trial court and the order denying the motion." *Id*.; *see also* Tenn. Sup. Ct. R. 28, § 10(B). Failure to comply with these statutory requirements deprives this Court of jurisdiction to consider the application. *See Albert F. Kelly v. State*, No. W2008-02236-CCA-R3-PC, 2009 WL 1643436, at *2 (Tenn. Crim. App. June 12, 2009).

In this case, the Petitioner failed to attach a copy of his motion to reopen to his application for permission to appeal. This Court does not have the authority to suspend or relax either the statutory requirements or the rules of the Tennessee Supreme Court. *See Timothy Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007), *perm. app. denied* (Tenn. Apr. 14, 2008). Because the Petitioner failed to comply with the strict statutory requirements for filing an application for permission to appeal under Tennessee Code Annotated § 40-30-117(c), this Court lacks jurisdiction to consider the merits of the application.

Accordingly, the Petitioner's application for permission to appeal is hereby DENIED. Because it appears that the Petitioner is indigent, costs associated with this action shall be taxed to the State.

s/ J. Ross Dyer, Judge
s/ John W. Campbell, Judge
s/ Matthew J. Wilson, Judge