# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 1, 2014

## CAMERON WINSELLE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 04-05193      James M. Lammey, Jr., Judge**

**No. W2013-01491-CCA-R3-PC - Filed April 29, 2014**

The Petitioner, Cameron Winselle, appeals from the Shelby County Criminal Court's denial of his motion to reopen his petition for post-conviction relief. However, this court is without jurisdiction in this case because the Petitioner failed to comply with the requirements of Tennessee Code Annotated section 40-30-117(c). Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Cameron Winselle, Tiptonville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Amy P. Weirich, District Attorney General; and Jessica Banti, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner was convicted of two counts of first degree premeditated murder for the shooting deaths of two brothers during a botched drug deal and sentenced to two consecutive life sentences. This court affirmed the Petitioner's conviction on direct appeal, and our supreme court declined to review that decision. State v. Cameron Winselle, No. W2007-00139-CCA-R3-CD, 2008 WL 450465 (Tenn. Crim. App. Feb. 20, 2008), perm. app. denied, (Tenn. Aug. 25, 2008).

The Petitioner then filed a timely petition for post-conviction relief alleging ineffective assistance of his trial counsel, which the post-conviction court dismissed after an evidentiary hearing. This court affirmed the post-conviction court's dismissal of the petition,

and our supreme court declined to review that decision. <u>Cameron Winselle v. State</u>, No. W2010-02154-CCA-R3-PC, 2011 WL 5838979 (Tenn. Crim. App. Nov. 18, 2011), <u>perm. app. denied</u>, (Tenn. Apr. 12, 2012).

On April 2, 2013, the Petitioner filed a motion to reopen his petition for post-conviction relief. The Petitioner alleged that the United States Supreme Court's decisions in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012), established a new constitutional right that should be retrospectively applied to his convictions. The post-conviction court summarily denied the Petitioner's motion to reopen his petition for post-conviction relief.

The Petitioner filed a "notice of appeal" which stated as follows:

Notice is hereby given, that Appellant/Petitioner, Cameron Winselle, . . . appeals, Pro Se, pursuant to [Tennessee Rules of Appellate Procedure], Rule (3) and (4), the Tennessee Court of Criminal Appeals, from the judgment of this honorable court entered in this action on 5/6/2013.

There is no appeal as of right from a post-conviction court's denial of a motion to re-open a petition for post-conviction relief. Tenn. Code Ann. § 40-30-117(c); <u>Fletcher v. State</u>, 951 S.W.2d 378, 382 (Tenn. 1997). Instead, "an appeal from the denial of a motion to reopen is a <u>discretionary</u> appeal." <u>Fletcher</u>, 951 S.W.2d at 382. The applicable statutory provision provides that a petitioner has thirty days to file "an application" in this court "seeking permission to appeal" and that the application "shall be accompanied by copies of all the documents filed by both parties" in the post-conviction court and the order denying the motion. Tenn. Code Ann. § 40-30-117(c). This court "shall not grant the application unless it appears that the [post-conviction] court abused its discretion in denying the motion." <u>Id.</u>

Our supreme court has held that a "notice of appeal" may be treated as an application for permission to appeal as required by Tennessee Code Annotated section 40-30-117(c) when the document contains "sufficient substance." <u>Graham v. State</u>, 90 S.W.3d 687, 691 (Tenn. 2002). "In general, the contents of an application for appeal must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." <u>Id.</u> Here, the Petitioner's "notice of appeal" failed to state the issue he sought to raise and the reasons why this court should grant review. Therefore, it does not "contain[] sufficient substance that it may be effectively treated as an application for permission to appeal." <u>Id.</u> Accordingly, we conclude that this court is without jurisdiction to consider the appeal.

In consideration of the foregoing and the record as a whole, the appeal is dismissed.

_____

D. KELLY THOMAS, JR., JUDGE