IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 9, 2015

**STACY RAMSEY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Carroll County**
**No. 93CR561     Charles C. McGinley, Judge**

_____

**No. W2015-01019-CCA-R3-PC  -  Filed May 25, 2016**

_____

Petitioner, Stacy Ramsey, appeals from the Carroll County Circuit Court's summary dismissal of his second petition for post-conviction relief, which the trial court treated as a motion to reopen his post-conviction proceeding. We dismiss the appeal for lack of jurisdiction because the Petitioner failed to comply with the statutory requirements governing an appeal from the denial of a motion to reopen post-conviction proceedings. If treated as a second post-conviction petition as styled by Petitioner, through counsel, then it was subject to summary dismissal because only one petition for post-conviction relief is permitted, T.C.A. § 40-30-102(c), and because the petition was barred by the applicable one-year statute of limitations, T.C.A. § 40-30-102(a).

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Robert L. Sirianni, Jr., Winter Park, Florida, for the Appellant, Stacy Ramsey.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Matthew F. Stowe, District Attorney General; and R. Adam Jowers, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

*Facts*

In 1994, Petitioner was convicted by a Montgomery County Jury for first degree murder and sentenced to life without the possibility of parole. *State v. Stacy Dewayne Ramsey*, No. 01C01-9412-CC-00408, 1998 WL 255576, at *1 (Tenn. Crim. App., May 19, 1998), *perm. app. denied* (Tenn. Jan. 25, 1999). A panel of this court affirmed

Petitioner's conviction and sentence on appeal. *Id*. The facts underlying Petitioner's conviction were summarized by this court in a previous appeal:

> The petitioner was indicted by the Carroll County Grand Jury for the first degree murder of Dennis Brooks, Jr. At the petitioner's request, venue was changed, and the trial was held in Montgomery County. The proof at the petitioner's trial revealed that he, and co-defendants Walter Steve Smothers and Teresa Deion Smith Harris planned to beat Harris' ex-boyfriend, David Hampton. On the way to Hampton's residence, the petitioner's truck overheated. Therefore, the petitioner, Smothers, and Harris decided to take the next vehicle that passed them on the road, agreeing that they might have to kill the driver of the vehicle. The petitioner, Harris, and Smothers grabbed the victim, the driver of the vehicle that Harris flagged down, and put him in his truck. The three co-defendants got into the truck and began driving. They shot the victim in the left hip with a shotgun, and the victim began screaming. They told the victim to stop screaming and they would take him to a hospital. The victim screamed more, and Smothers used the shotgun to shoot the victim under the chin, killing him. Thereafter, the petitioner suggested that they bury the victim. The trio decided to cut off the victim's legs to make burial easier. Further, the autopsy revealed that one of the victim's arms and his penis were also amputated. At Harris' behest, Smothers removed the victim's heart, and all three held the victim's heart to their mouths. Additionally, they repeatedly stabbed the victim post-mortem with a butcher knife. Next, they poured oil and gasoline on the victim and his truck and set both ablaze. The petitioner was later discovered wearing the victim's shoes and possessing the victim's shaving kit containing tools. The petitioner was convicted of the first degree murder of Brooks, and he received a sentence of life without the possibility of parole. On appeal, this court affirmed the petitioner's conviction and sentence.

*Stacy Dewayne Ramsey v. State*, No. W2006-01827-CCA-R3-PC, 2008 WL 4117963 (Tenn. Crim. App., at Jackson, Sept. 3, 2008), *perm. app. denied* (Tenn. March 16, 2009).

Petitioner sought post-conviction relief, alleging that his trial counsel was ineffective. The post-conviction court summarily dismissed the petition. On appeal, a panel of this court reversed the trial court's ruling and remanded the case to the post-conviction court for an evidentiary hearing. *Stacy Dewayne Ramsey v. State*, No. M2003-02969-CCA-R3-PC, 2005 WL 123480, at *1 (Tenn. Crim. App., Jan. 21, 2005). Petitioner filed an amended petition, and following an evidentiary hearing, the post-

conviction court denied relief. On appeal, a panel of this court affirmed the post-conviction court's ruling. *Ramsey*, 2008 WL 4117963, at *5-6.

On March 18, 2015, Petitioner filed a petition seeking to reopen his post-conviction proceedings. The post-conviction court summarily dismissed the pleading. Petitioner filed a motion to reconsider and a notice of appeal with the post-conviction court. The post-conviction court entered an order denying Petitioner's motion to reconsider.

*Analysis*

Petitioner contends that the post-conviction court erred by dismissing his latest post-conviction proceedings. He argues that the recent appellate court rulings in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014), established a constitutional right that was not recognized at the time of his trial and that he, essentially, should be permitted to reopen the proceedings because his post-conviction counsel provided ineffective assistance. Specifically, Petitioner asserts that his post-conviction counsel was ineffective for failing to obtain and review the full trial record prior to the evidentiary hearing, failing to object to the hearsay testimony of Petitioner's second trial counsel, and failing to make any meaningful closing argument at the post-conviction evidentiary hearing. The State responds that the appeal should be dismissed for failure to file an application for permission to appeal the post-conviction court's denial of relief. In the alternative, the State contends the Petitioner has failed to establish that a new constitutional right was created after his trial and that any constitutional right requires retrospective application.

A petitioner may seek appellate review of a post-conviction court's denial of a motion to reopen post-conviction proceedings by filing within thirty days an application for permission to appeal to the court of criminal appeals. T.C.A. § 40-30-117(c) (2012); *see* Tenn. Sup. Ct. R. 28, § 10(B). The application for permission to appeal shall include "copies of all the documents filed by both parties in the [post-conviction] court and the order denying the motion." T.C.A. § 40-30-117(c); *see* Tenn. Sup. Ct. R. 28, § 10(B). An appeal in this regard is discretionary, and a petitioner is not entitled to an appeal as of right. *Fletcher v. State*, 951 S.W.2d 378, 382 (Tenn. 1997); *see* T.R.A.P. 3(b) (delineating the availability of an appeal as of right in criminal proceedings). A petitioner's failure to comply with the statute's requirements deprives this court of jurisdiction to consider the matter.

Although a notice of appeal filed with the court of criminal appeals may be treated as an application for permission to appeal, the notice "must include the date and

judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." *Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002). A petitioner's failure to comply with the requirements of Tennessee Code Annotated section 40-30-117(c) "deprives this court of jurisdiction to consider the matter." *Ricky Lee Nelson a/k/a Russell Wellington v. State*, No. W2012-00045-CCA-R3-PC, 2013 WL 1197870, at *3 (Tenn. Crim. App. Mar. 25, 2013); *see Salvatore Pisano, Jr. v. State*, No. W2011-02535-CCA-R3-PC, 2012 WL 5507328, at *3 (Tenn. Crim. App. Nov. 13, 2012); *Eric Carter v. State*, No. W2008-00957-CCA-R3-PC, 2008 WL 4936719, at *2 (Tenn. Crim. App. Nov. 19, 2008); *Timothy Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007), *perm. app. denied* (Tenn. Apr. 14, 2008).

The record reflects that the post-conviction court entered an order dismissing Petitioner's pleading seeking to reopen his post-conviction proceedings on May 1, 2015. Petitioner filed a notice of appeal in the post-conviction court on May 29, 2015. Petitioner did not file with this court an application for permission to appeal or a notice of appeal satisfying any of the *Graham* requirements. Petitioner's failure to comply with Tennessee Code Annotated section 40-30-117(c) and Tennessee Supreme Court Rule 28, section 10(b) deprives this court of jurisdiction to consider Petitioner's appeal.

## CONCLUSION

Based on the foregoing, the appeal is dismissed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

4