IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## HARVEY EUGENE TAYLOR v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2008-B-1760    Monte Watkins, Judge**

_____

**No. M2016-00933-CCA-R3-PC – Filed December 14, 2016**

_____

The trial court summarily dismissed the Appellant's "motion for new trial or evidentiary hearing on the grounds of ineffective assistance of counsel." The trial court properly treated the pleading as a subsequent petition seeking post-conviction relief and denied the same without a hearing. The trial court's ruling is hereby affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**
**Pursuant to Court of Criminal Appeals Rule 20**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J. and ROBERT L. HOLLOWAY, JR., J., joined.

Richard C. Strong, Nashville, Tennessee, for the appellant, Eugene Taylor.

Herbert H. Slatery III, Attorney General and Reporter, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Appellant is appealing the denial of his "motion for new trial or evidentiary hearing on the grounds of ineffective assistance of counsel." The record has been filed. Appointed counsel now moves this Court to withdraw pursuant to Court of Criminal Appeals Rule 22. Counsel contends this appeal is frivolous under *Anders v. California*, 386 U.S. 738 (1967). Having reviewed the entire record on appeal, including counsel's motion to withdraw and the accompanying *Anders* brief, as well as the Appellant's *pro se* response, the Court agrees that this appeal is frivolous.

In 2009, the Appellant pleaded guilty to rape and received an agreed-upon twelve year sentence. The Appellant subsequently sought post-conviction relief claiming that

his guilty plea was not knowing and voluntary because he received ineffective assistance of counsel. The trial court denied the petition and this Court affirmed that denial on appeal. *Harvey Taylor v. State*, No. M2012-01228-CCA-R3-PC, 2013 WL 655699 (Tenn. Crim. App., Feb. 21, 2013), *perm. to app. denied*, (Tenn., Aug. 14, 2013). The Appellant's first attempt to reopen his post-conviction petition failed. *Harvey E. Taylor v. State*, No. M2014-01315-CCA-R3-PC (Tenn. Crim. App., July 28, 2014) (Order). The Appellant was also unsuccessful in his pursuit of error coram nobis relief during which he alleged the existence of newly discovered exculpatory evidence. *Harvey Taylor v. State*, M2014-00541-CCA-R3-ECN, 2015 WL 1242958 (Tenn. Crim. App., Mar. 16, 2015).

In denying the *pro se* "motion for new trial or evidentiary hearing," the trial court concluded:

> Petitioner continues to allege ineffective assistance of counsel based on evidence that was not introduced. Petitioner entered a guilty plea and did not proceed to trial. Furthermore, this is also the petitioner's second petition for post-conviction relief in this case. The Court resolved the merits of the petitioner's allegations on the first petition filed in this case which was also affirmed by the Criminal Court [sic] of Appeals.

The Post-Conviction Procedure Act contemplates the filing of only one petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(c). The statute directs trial courts to summarily dismiss any subsequent petition when a prior petition was resolved on its merits. *Id.* Because the Appellant in this case received a full hearing and appeal on his original petition, the trial court properly dismissed the recent pleading.

Although the Act also provides a means for reopening previously filed petitions, the types of claims which may be raised in a motion to reopen are limited. *See* Tenn. Code. Ann. § 40-30-117. Relief will only be granted in a motion to reopen if the claim is based upon (1) a final ruling of an appellate court establishing a constitutional right not previously recognized at the time of trial, if retrospective application is required, (2) new scientific evidence establishing that the petitioner is actually innocent of the crime, or (3) if the claim seeks relief from a sentence that was enhanced because of a previous conviction which has subsequently been invalidated. § 40-30-117(a). Furthermore, the facts underlying the claim, if true, must establish by clear and convincing evidence that the petitioner is entitled to have his or her conviction set aside or his or her sentence reduced. *Id.* None of the claims asserted by the Appellant in his most recent pleading qualify to reopen his previous petition. Again, as the trial court stated, and confirmed by counsel on appeal, the Appellant simply wishes to re-litigate his ineffective assistance of counsel claim.

Even if the Appellant was attempting to again reopen his petition by filing the "motion for new trial or evidentiary hearing," the Appellant was required to seek permission to appeal the trial court's ruling on that pleading. Tenn. Code Ann. § 40-30-117(c); *see also* Tenn. Sup. Ct. R. 28, §10(B). The Rules of Appellate Procedure do not provide for an appeal as of right upon the denial of a motion to reopen. *See* Tenn. R. App. P. 3(b). After the trial court summarily dismissed his pleading, the Appellant filed a notice of appeal. It is unclear from the record why, but the trial court subsequently appointed counsel to represent the Appellant in the instant appeal. Although our supreme court has held that a "notice of appeal" may suffice as an application for permission to appeal under the terms of the statute, the notice must be timely filed in *this* Court in order to substantially comply with the statutory filing requirements. *See Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002). The Appellant filed his notice of appeal in the trial court and a record was subsequently prepared and transmitted on appeal. The filing of the notice of appeal in the trial court, however, did not effectuate an appeal to this Court. *See id*. An appeal from an order denying a motion to reopen must be granted by this Court. It is not a matter of right. *See Fletcher v. State*, 951 S.W.2d 378, 382 (Tenn. 1997). *Cf.* Tenn. R. App. P. 3(b).

For these reasons, the order of the trial court denying the Appellant's "motion for new trial or evidentiary hearing on the grounds of ineffective assistance of counsel" is hereby affirmed pursuant to Rule 20. Furthermore, counsel's motion to withdraw is hereby granted. As directed by Rule 22(F), the Court hereby notifies the Appellant that he has the right to file a *pro se* application for permission to appeal to the Supreme Court within sixty days. *See* Tenn. R. App. P. 11. Because the Appellant was declared indigent, costs are taxed to the State.

_____
ROBERT W. WEDEMEYER, JUDGE

3