
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 18, 2017

### GLORIA HOUSE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 211691     Barry A. Steelman, Judge**

---

### No. E2016-01259-CCA-R3-PC

---

The petitioner, Gloria House, appeals the summary dismissal of her motion to reopen her petition for post-conviction relief or, in the alternative, petition for writ of error coram nobis, which pleading challenged her 1993 convictions of nine counts of aggravated burglary, three counts of felony theft, and seven counts of misdemeanor theft. Discerning no error, we affirm the summary dismissal of the petition.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Gloria House, Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Lacy Wilbur, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

During her 1993 bench trial, the petitioner pleaded guilty to two counts of aggravated burglary, two counts of felony theft, and five counts of misdemeanor theft. *Gloria House v. State*, No. 03C01-9802-CR-00069 (Tenn. Crim. App., Knoxville, Jan. 27, 1999). The trial court convicted the petitioner of the remaining seven counts of aggravated burglary, one count of felony theft, and two counts of misdemeanor theft. The trial court imposed a Range III, total effective sentence of 42 years' incarceration to be served consecutively to the petitioner's previous nine-year sentence. *See id.* The petitioner did not appeal her convictions or sentence and, instead, filed a petition for post-conviction relief in July 1996. The post-conviction court dismissed the petition as time barred, and this court affirmed the dismissal. *See id.*

At some point, the petitioner filed an unsuccessful motion to reopen her time barred petition for post-conviction relief, which motion alleged that the petitioner had been deprived of the effective assistance of counsel. *State v. Gloria House*, No. E2002-00439-CCA-R28-PC (Tenn. Crim. App., Knoxville, May 22, 2002) (Order). This court affirmed the denial of the petitioner's first motion to reopen, finding that the motion was time barred and that the petitioner had failed to allege any facts that would prevent the strict application of the statute of limitations. *See id.*

On March 1, 2016, the petitioner filed the pleading at issue in this case, which she styled as a motion to reopen her petition for post-conviction relief or, in the alternative, a petition for writ of error coram nobis. The petitioner alleged that she had acquired newly discovered evidence to support her previously-alleged claims of ineffective assistance of counsel. She claimed that documents she received from the Board of Professional Responsibility of the Supreme Court of Tennessee ("BPR") established that trial counsel's deficient performance violated principles of due process. The petitioner appended to her petition her correspondence with the BPR.

On March 22, 2016, the trial court entered an order summarily denying the petition. The court found that, as a second motion to reopen the petitioner's petition for post-conviction relief, the pleading failed to allege cognizable grounds for reopening the petition, that the grounds alleged had been previously determined in the petitioner's first motion to reopen, and that the petitioner had failed to establish that principles of due process precluded the strict application of the statute of limitations in her case. The court found that the petitioner had failed to allege any grounds for coram nobis relief, noting that the petitioner's "new" evidence was restricted to her claims for post-conviction relief and that the petitioner was aware of all the allegedly new evidence prior to filing her first, time-barred petition for post-conviction relief. In its order, the trial court admonished the petitioner that she had 30 days within which to file an application for permission to appeal the denial of her motion to reopen her petition for post-conviction relief and 30 days within which to perfect an appeal of the denial of her claim to coram nobis relief.

On June 13, 2016, the petitioner sent a notice of her intent to file a notice of appeal after an attorney completed a review of the record. On July 5, 2016, the petitioner filed a pro se notice of appeal in the trial court.

As the State correctly points out, the petitioner has failed to satisfy the statutory requirements for perfecting an appeal of the denial of her motion to reopen her post-conviction petition. "[A]n appeal from the denial of a motion to reopen is a discretionary appeal, not an appeal as of right." *Fletcher v. State*, 951 S.W.2d 378, 382 (Tenn. 1997); *see also* Tenn. R. App. P. 3(b). The process for appealing the denial of a motion to reopen is outlined in Code section 40-30-117, which provides that, upon denial

-2-

of a motion to reopen a post-conviction petition, "the petitioner shall have thirty (30) days to file an application *in the court of criminal appeals* seeking permission to appeal." T.C.A. § 40-30-117(c) (emphasis added). Although a pleading styled "'notice of appeal,' . . . may be effectively treated as an application for permission to appeal," it must nevertheless comply with the requirements of Code section 40-30-117(c). *Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002). Because the petitioner failed to file an application for permission to appeal in this court, choosing instead to file a notice of appeal with the clerk of the lower court, we are without jurisdiction to review the denial of her motion to reopen her petition.

With regard to the petitioner's claim that the trial court erred by denying coram nobis relief, we note that the petitioner initially sent a letter indicating her intent to appeal the trial court's May 22, 2016 order on June 13, 2016. She did not actually file a notice of appeal until July 5, 2016. Arguably, the petitioner's appeal is untimely. That being said, the notice of appeal document is not jurisdictional in criminal cases and may be waived in the interests of justice. *See* Tenn. R. App. P. 4(a).

The petitioner claimed entitlement to coram nobis relief on grounds that she had obtained newly discovered evidence in the form of information obtained from the BPR in support of her previous claim of ineffective assistance of counsel. The State contends that the trial court properly denied the petition for writ of error coram nobis because the petitioner failed to allege any newly discovered evidence that touches upon the question of her guilt or innocence.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Coram nobis relief is provided for in criminal cases by statute:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b) (2006); *see State v. Vasques*, 221 S.W.3d 514, 525-28 (Tenn. 2007) (describing standard of review as "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different'" (citation omitted)).

As an initial matter, the writ of error coram nobis is unavailable to attack the petitioner's guilty-pleaded convictions. *Frazier v. State*, 495 S.W.3d 246, 248 (Tenn. 2016) (holding "that a guilty plea may not be collaterally attacked pursuant to the coram nobis statute"). Moreover, the evidence propounded by the petitioner relates only to her post-conviction claim of ineffective assistance of counsel. The writ of error coram nobis is available only to address the impact of "newly discovered evidence relating to matters which were litigated at the trial." T.C.A. § 40-26-105; *see also Frazier*, 495 S.W.3d at 250 ("The plain and ordinary meaning of the term 'litigated on [or at] the trial' in the context of criminal prosecutions refers to a contested proceeding involving the submission of evidence to a fact-finder who then must assess and weigh the proof in light of the applicable law and *arrive at a verdict of guilt or acquittal*." (emphasis added)). In consequence, the trial court did not err by summarily dismissing the petition for writ of error coram nobis.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE