FILED

05/26/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 21, 2017

**JACKIE F. CURRY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County
No. 101343   Bobby R. McGee, Judge**

_____

**No. E2016-01893-CCA-R3-PC**

_____

Petitioner, Jackie F. Curry, appeals the trial court's denial of his motion to reopen post-conviction proceedings.   Petitioner argues that the United States Supreme Court's decision in *Lafler v. Cooper*, 566 U.S. 156 (2012), established a new rule of constitutional law that should be applied retroactively to his case.  Because Petitioner failed to follow the statutory requirements to seek discretionary review of a motion to reopen, this Court does not have jurisdiction, and we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ., joined.

Gerald L. Gulley, Jr., Knoxville, Tennessee, for the appellant, Jackie F. Curry.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Charme P. Allen, District Attorney General; and Leslie Nassios, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

Seventeen years ago, Petitioner was convicted of three counts of aggravated rape for acts committed against his ex-girlfriend, who had an order of protection against him. *State v. Jackie F. Curry*, No. E2000-02475-CCA-R3-CD, 2001 WL 872789, at *1-3 (Tenn. Crim. App. Aug. 2, 2001), *perm. app. denied* (Tenn. Nov. 5, 2001).   He was sentenced to a total effective sentence of 66 years in the Department of Correction.   On

direct appeal, this Court affirmed Petitioner's convictions and sentences, and the Tennessee Supreme Court denied permission to appeal. *Id*. at *1.

Since then, Petitioner has attempted on numerous occasions to challenge his convictions and sentences. In March 2004, he filed a petition for writ of habeas corpus, which was dismissed by the trial court, and this Court affirmed. *Jackie F. Curry v. State*, No. E2004-01227-CCA-R3-HC, 2005 WL 927158, at *1 (Tenn. Crim. App. Apr. 21, 2005), *no perm. app. filed*. Petitioner filed his first petition for post-conviction relief in January 2005, which was dismissed by the trial court as untimely, and this Court again affirmed. *Jackie F. Curry v. State*, No. E2005-00418-CCA-R3-PC, 2005 WL 3343826, at *1 (Tenn. Crim. App. Dec. 7, 2005), *no perm. app. filed*. In June 2005, Petitioner filed a petition for relief under the Post-Conviction DNA Analysis Act, which was dismissed by the trial court; Petitioner did not appeal to this Court. In June 2006, Petitioner filed for federal habeas corpus relief, which was dismissed by the District Court. *Jackie F. Curry v. Howard Carlton, Warden*, No. 3:06-CV-255, 2006 WL 2087742, at *1 (E.D. Tenn. July 25, 2006). In January 2007, Petitioner filed a second petition for habeas corpus relief, which was dismissed by the trial court, and this Court affirmed. *Jackie F. Curry v. Howard Carlton, Warden*, No. E2007-02526-CCA-R3-HC, 2008 WL 3066823, at *1 (Tenn. Crim. App. Aug. 4, 2008), *perm. app. denied* (Tenn. Dec. 8, 2008). In February 2010, Petitioner filed a motion to reopen his petition for DNA analysis, which was likewise dismissed, and no appeal was taken. In April 2010, Petitioner filed a third petition for habeas corpus relief, which was dismissed by the trial court, and this Court affirmed. *Jackie F. Curry v. Howard Carlton, Warden*, No. E2011-00607-CCA-R3-HC, 2011 WL 4600621, at *2 (Tenn. Crim. App. Oct. 6, 2011), *perm. app. denied* (Tenn. Jan. 10, 2012), *cert. denied*, 566 U.S. 929 (Apr. 2, 2012).

The present petition, styled "Petition For Reopen Post-Conviction In Alternative Petition For State Habeas Corpus," was filed on March 25, 2013. In the petition, Petitioner alleges that he received ineffective assistance of counsel because his trial attorney advised him to turn down a favorable plea offer. Petitioner asserts that the United States Supreme Court's decision in *Lafler v. Cooper*, 566 U.S. 156 (2012), established a new rule of constitutional law that should be applied retroactively to his case. *See* T.C.A. § 40-30-117(a)(1) (allowing post-conviction proceedings to be reopened under limited circumstances, including when the claim is "based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required"). On April 24, 2013, the post-conviction court appointed counsel. On September 20, 2013, the State filed a response, arguing that the petition should be dismissed.[1] On March 14,

_____

[1] One of the reasons to dismiss the petition presented by the State in the trial court was that the petition was filed more than one year after the ruling in *Lafler*, which was decided on March 21, 2012. *See* T.C.A. § 40-30-117(a)(1) (stating that motion to reopen must be filed within one year of the ruling of the highest appellate court establishing a new, retroactive rule of constitutional law). However, the trial

2014, Petitioner filed a "Reply to State's Response and Response to State's Oral Motion to Dismiss,"[2] attaching letters from Petitioner's trial counsel to his father that allegedly contain "express and/or implicit admissions . . . of [trial counsel's] ineffective assistance of counsel in regard to your Petitioner's original trial." On August 9, 2016,[3] the post-conviction court filed an order denying the petition as either a petition to reopen post-conviction proceedings or as a petition for habeas corpus relief. Petitioner filed a notice of appeal on September 8, 2016.

*Analysis*

As an initial matter, the State urges this Court to dismiss the present appeal because Petitioner failed to follow the procedural requirements for appealing the dismissal of a motion to reopen a post-conviction petition. We agree.

A petitioner has no appeal as of right from a lower court's denial of a motion to reopen a post-conviction petition under Tennessee Rule of Appellate Procedure 3(b). *See Fletcher v. State*, 951 S.W.2d 378, 382 (Tenn. 1997); *Timothy Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007), *perm. app. denied* (Tenn. Apr. 14, 2008). Instead, "an appeal from the denial of a motion to reopen is a *discretionary* appeal." *Fletcher*, 951 S.W.2d at 382 (emphasis in original). A petitioner has thirty days to file an application for permission to appeal in this Court, attaching copies of all documents filed by the parties and the lower court's order. T.C.A. § 40-30-117(c); Tenn. S. Ct. R. 28, § 10(B). There is no provision, such as that in Tennessee Rule of Appellate Procedure 4(a), which would waive the timeliness of an application for permission to appeal in the interest of justice.

No application for permission to appeal was filed in this Court. Rather, Petitioner filed a notice of appeal in the post-conviction court on September 8, 2016, which was received by this Court on September 16, 2016. While a notice of appeal may be construed as an application for permission to appeal, it must "contain sufficient substance that it may be effectively treated as an application for permission to appeal," including "the issue which the petitioner seeks to raise[ ] and the reasons why the appellate court should grant review." *Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002). The notice of

---

court found that the petition was notarized and placed in the prison mailing system on March 20, 2013. Pursuant to the "mailbox rule," the petition is considered timely filed. *See* Tenn. R. Crim. P. 49(d)(1); Tenn. S. Ct. R. 28, §2(G). Moreover, the State did not raise the timeliness argument on appeal.

[2] It is not clear when this "Oral Motion to Dismiss" was made as there is no transcript of any hearing or any other reference to it in the record.

[3] Other than a minute entry indicating that "[t]his case is placed in the unset cases" on March 17, 2014, there is no explanation in the record for this delay of over two years.

appeal filed in this case does not contain sufficient substance to be treated as an application for permission to appeal; in form and substance, it is a notice of appeal under Rule 3. Therefore, we lack jurisdiction to entertain the appeal. *See Michael L. McKillip v. State*, No. W2013-00507-CCA-R3-PC, 2013 WL 6050751, at *3 (Tenn. Crim. App. Nov. 13, 2013), *no perm. app. filed*; *Cameron Winselle v. State*, No. W2013-01491-CCA-R3-PC, 2014 WL 1767110, at *2 (Tenn. Crim. App. Apr. 29, 2014), *perm. app. denied* (Tenn. Sept. 18, 2014).

*Conclusion*

Because Petitioner failed to comply with the statutory requirements for seeking discretionary review of the denial of his motion to reopen post-conviction proceedings, we lack jurisdiction in this case. Accordingly, the appeal is dismissed.

_____
TIMOTHY L. EASTER, JUDGE