IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2017

**QUINTON ALBERT CAGE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County**
**No. 40000140        Jill Bartee Ayers, Judge**

_____

**No. M2016-02574-CCA-R3-PC**

_____

The pro se Petitioner, Quinton Albert Cage, appeals the denial of his motion to reopen his petition for post-conviction relief. Following our review, we dismiss the appeal for lack of jurisdiction because the Petitioner failed to comply with the statutory requirements to seek discretionary review of a motion to reopen post-conviction proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Quinton Albert Cage, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; John W. Carney, District Attorney General; and Arthur Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In December 1994, the Petitioner was convicted of aggravated rape, especially aggravated kidnapping, aggravated robbery, attempted aggravated robbery, and reckless endangerment with a deadly weapon. See State v. Quinton Cage, No. 01C01-9605-CC-00179, 1999 WL 30595 (Tenn. Crim. App. Jan. 26, 1999). He was sentenced to a total effective sentence of fifty-five years' incarceration, and this court affirmed the Petitioner's convictions and sentences on direct appeal. Id.

Since then, the Petitioner has attempted on numerous occasions to challenge his convictions and sentences, including a post-conviction petition, Quinton A. Cage v. State,

No. M2000-01989-CCA-R3-PC, 2001 WL 881357 (Tenn. Crim. App. Aug. 7, 2001)[1]; two petitions for a writ of habeas corpus, Quinton Cage v. Howard Carlton, Warden, No. E2008-00357-CCA-R3-HC, 2008 WL 3245567 (Tenn. Crim. App. Aug. 8, 2008); Quinton Albert Cage v. David Sexton, Warden, No. E2011-01609-CCA-R3-HC, 2012 WL 2764998 (Tenn. Crim. App. July 10, 2012); and a petition for a writ of error coram nobis, which was subsequently converted into a motion to reopen post-conviction proceedings, Quinton A. Cage v. State, No. M2011-00234-CCA-R3-PC, 2012 WL 4841318 (Tenn. Crim. App. Oct. 5, 2012). All of these pleadings were either denied or dismissed, and this court affirmed their dispositions.

The Petitioner's present motion to reopen post-conviction proceedings was filed on November 30, 2016. In his petition, the Petitioner asserts that the United States Supreme Court's decision in Kyles v. Whitley, 514 U.S. 419 (1995), established a new rule of constitutional law that should be retroactively applied to his case. See T.C.A. § 40-30-117(a)(1) (allowing post-conviction proceedings to be reopened under limited circumstances, including when the claim is "based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required"). On December 7, 2016, the post-conviction court filed an order dismissing the Petitioner's motion to reopen post-conviction proceedings for failure to state a colorable claim. The Petitioner filed a pro se notice of appeal on December 21, 2016.

## ANALYSIS

As an initial matter, the State urges this court to dismiss the present appeal because the Petitioner failed to follow the procedural requirements for appealing the dismissal of a motion to reopen a post-conviction petition. We agree.

A petitioner has no appeal as of right from a lower court's denial of a motion to reopen a post-conviction petition under Tennessee Rule of Appellate Procedure 3(b). See Fletcher v. State, 951 S.W.2d 378, 382 (Tenn. 1997). Instead, "an appeal from the denial of a motion to reopen is a discretionary appeal." Id. (emphasis in original). Accordingly, when a motion to reopen a petition for post-conviction relief is denied, a petitioner has thirty days to file an application for permission to appeal in this court, attaching copies of all documents filed by the parties and the lower court's order. T.C.A. § 40-30-117(c); Tenn. S. Ct. R. 28, § 10(B). The Tennessee Supreme Court has summarized the requirements of Tennessee Code Annotated section 40-30-117, stating that it "outlines four requirements of an appeal from a motion to reopen to be considered: (1) the

---

[1] The citation to the Petitioner's post-conviction appeal is captioned incorrectly, and we used the correct citation herein.

timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application." Graham v. State, 90 S.W.3d 687, 689 (Tenn. 2002). In order for a pleading entitled "Notice of Appeal" to be treated as an application for permission to appeal, the pleading "must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." Id. at 691.

Here, no application for permission to appeal was filed in this court. Rather, the Petitioner filed a notice of appeal in the post-conviction court on December 21, 2016, which was received by this court on December 29, 2016. While a notice of appeal may be construed as an application for permission to appeal, it must "contain sufficient substance that it may be effectively treated as an application for permission to appeal," including "the issue which the petitioner seeks to raise[ ] and the reasons why the appellate court should grant review." Id. Although the notice was timely and stated the date and judgment from which it seeks review, it does not comply with any other requirements. The Petitioner filed the notice in the Montgomery County Circuit Court instead of this court as required under section 40-30-217(c). Additionally, the notice did not state the issues for review or the reasons why the Petitioner deserved relief. Nor did the Petitioner attach the required documents to his notice. The notice of appeal filed in this case does not contain sufficient substance to be treated as an application for permission to appeal; in form and substance, it is a notice of appeal under Rule 3. We therefore conclude that the Petitioner failed to properly seek review of the post-conviction court's denial of the motion to reopen, and we lack jurisdiction to review the appeal.

## CONCLUSION

Upon review, we conclude that the Petitioner failed to comply with the statutory requirements for seeking discretionary review of the denial of his motion to reopen his post-conviction petition. Because we do not have jurisdiction to review this appeal on the merits, it is dismissed.

_____
CAMILLE R. MCMULLEN, JUDGE