IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 9, 2025 Session

## STATE OF TENNESSEE v. LAMAR FLETCHER

**Appeal from the Criminal Court for Shelby County
Nos. C2302483, C2303278, C2303281, C2306651    Carolyn W. Blackett, Judge**

_____

**No. W2024-01869-CCA-R3-CD**
_____

Lamar Fletcher, Defendant, appeals the summary dismissal of his motion to correct an illegal sentence filed pursuant to Tennessee Rule of Criminal Procedure 36.1. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. STEVEN STAFFORD, JJ., joined.

Lamar Fletcher, Madison, Tennessee, Pro se.

Jonathan Skrmetti, Attorney General and Reporter; Garrett D. Ward, Senior Assistant Attorney General; Steven J. Mulroy, District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Procedural History*

In December of 1975, Defendant pleaded guilty to five counts of grand larceny, one count of murder, and one count of assault with intent to commit murder. *See Fletcher v. State*, 951 S.W.2d 378, 380 (Tenn. 1997).[1] According to Defendant's Rule 36.1 motion

---

[1] The information concerning the guilty plea is from *Fletcher v. State*, 951 S.W.2d 378, an appeal from the post-conviction court's denial of Defendant's motion to reopen his first petition for post-conviction relief.

filed in the trial court, the plea agreement provided all seven sentences were to run concurrently, resulting in an effective sentence of ten years.[2]

On July 24, 1985, a jury convicted Defendant of two counts of robbery with a deadly weapon and two counts of being a habitual criminal. Defendant was sentenced to two concurrent life sentences. *State v. Fletcher*, No. C.C.A. 88, 1986 WL 8814, at *1 (Tenn. Crim. App. Aug. 13, 1986), *perm. app. denied* (Tenn. Sept. 29, 1986). This court affirmed Defendant's robbery convictions but reversed the habitual criminal convictions due to improper jury instructions and remanded the case for a new trial on the habitual criminal phase of the trial. *Id*. at *2.

Following the retrial on April 6, 1987, the jury found Defendant to be a habitual criminal on both counts. This court affirmed the convictions specifically noting that Defendant had "prior convictions of murder in the first degree, murder in the second degree and receiving stolen property over $100 on December 15, 1975" and that "the three designated and proven convictions, uncontradicted by [Defendant], are sufficient to support the jury's verdict finding him to be a[] habitual criminal." *State v. Fletcher*, No. C.C.A. 35, 1988 WL 46988, at *2 (Tenn. Crim. App. May 11, 1988).

In September 1989, Defendant filed a petition for post-conviction relief, alleging that his 1975 guilty pleas resulting in convictions used to establish his habitual offender status were involuntary and unconstitutional. *Fletcher v. State*, No. O2C01-9409-CR-00188, 1995 WL 422783, at *1 (Tenn. Crim. App. July 19, 1995), *perm app. denied* (Tenn. Nov. 6, 1995 and Sept. 8, 1997). The trial court dismissed the petition as time-barred by the statute of limitation, and this court affirmed.

In January 1996, Defendant sought to reopen his original petition for post-conviction relief. *Id.* The trial court denied Defendant's motion to reopen the filing; this court affirmed; and our supreme court upheld that decision in *Fletcher v. State*, 951 S.W.2d at 380.

On April 18, 2023, Defendant filed the present motion pursuant to Tennessee Rule of Criminal Procedure 36.1. Therein, he argued that his 1975 sentences were illegal because he was on bail at the time these offenses were committed, rendering him statutorily ineligible for concurrent sentencing. On February 7, 2024, the trial court summarily dismissed the motion and found that Defendant failed to state a claim upon which relief

---

[2] The procedural history of Defendant's cases is confusing, and we have attempted to summarize the history from Defendant's multiple cases, as cited in this opinion. Additionally, Defendant did not include the judgment forms for these guilty pleas in the record.

could be granted. Defendant filed an untimely notice of appeal on December 5, 2024; however, this court entered an order excusing the late filing.

*Analysis*

On appeal, Defendant argues that the trial court erred by summarily dismissing the motion because he raised a colorable claim for relief. Specifically, Defendant reiterates his argument that his 1975 sentences were illegal because he was on bail at the time these offenses were committed. Hence, the trial court was required to impose his sentences consecutively, not concurrently. The State argues that the trial court properly dismissed the motion for procedural deficiencies and failure to state a claim.

Tennessee Rule of Criminal Procedure 36.1(a)(1) provides that a defendant or the State "may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Pursuant to Rule 36.1(a)(1), "[t]he movant must attach to the motion a copy of each judgment order at issue" and must state that it is the movant's first such motion. If it is not the first, the movant must either attach copies of all prior motions and the court's rulings or provide a satisfactory explanation for not doing so. Here, Defendant failed to attach a copy of the judgment order at issue or indicate whether this was his first Rule 36.1 motion. We agree with the State that this failure alone forms a sufficient basis for this court to affirm the trial court's summary denial of Defendant's motion. *See State v. Smith*, No. W2020-01596-CCA-R3-CD, 2021 WL 4932496, at *2 (Tenn. Crim. App. Oct. 22, 2021). That notwithstanding, we conclude that the trial court did not err in denying the motion on the basis that it failed to state a colorable claim for relief.

If the trial court "determines that the motion fails to state a colorable claim, it *shall* enter an order summarily denying the motion." Tenn. R. Crim. P. 36.1(b)(2) (emphasis added). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593. Whether a defendant's motion "states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (compiling cases).

Here, Defendant failed to state a colorable claim for correction of an illegal sentence. He is challenging sentences he received in 1975 and according to Defendant's Rule 36.1 motion and the limited record before us, those sentences would have expired no later than 1985. Rule 36.1(a) expressly provides that, "a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires." Hence, even taking Defendant's claim as true, Defendant would not be entitled to relief under Rule 36.1 as all the sentences at issue have long since expired.

- 3 -

Further, Rule 36.1(c)(3)(B) provides that "[i]f the illegal aspect was a material component of the plea agreement but the illegal aspect was to the defendant's benefit," the court shall enter an order denying the motion. Here, Defendant was facing a total effective sentence of thirty-one to thirty-eight years had his 1975 sentences been ordered to run consecutively. Instead, he received a total effective sentence of ten years. Because Defendant benefited from the alleged sentencing error, he is not entitled to relief under Rule 36.1. *See* Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmts (describing a scenario where if a defendant received an illegal concurrent sentence that should have been consecutive and benefited from the error, relief under Rule 36.1 is not available).

*Conclusion*

In light of the foregoing reasoning and authorities, we conclude that the trial court properly denied Defendant's motion for Rule 36.1 relief. Accordingly, we affirm the judgment of the trial court.

s/ Matthew J. Wilson
MATTHEW J. WILSON, JUDGE
